S. C., 1 Tenn., 513.
This was a bill in equity brought by the complainants, to be relieved against a judgment at law obtained by Hogan, assignee of Henderson, upon a bond for two hundred dollars.
The bill states that the complainants executed their bond to the defendant Henderson for two hundred dollars; that Henderson left this country, whereupon divers persons sued out attachments against him, and summoned the complainants as garnishees; that in these cases they were compelled to pay as garnishees for the said Henderson seventy-six dollars, in consequence of which they procured a credit therefor to be endorsed on the bond; that the bond had been assigned by the defendant Henderson to the defendant Hogan in trust for the benefit of Henderson, after the indorsement of the said credit; that a suit was brought upon the bond, and the complainants relying that the plaintiff at law would give the proper credits did not attend court, and the credits had not been allowed, but a judgment taken for the whole amount.
It does not appear from the bill what plea was filed by the complainants to the action at law, or whether any was filed, nor is any reason assigned why they relied upon the plaintiff to give the credit except that the plaintiff knew they were entitled to it.
The prayer of the bill is to be relieved against the payment of the seventy-six dollars.
To this bill the defendants filed a demurrer, alleging in substance that the defence of the complainants was properly triable in a court of law, and that no good reason is assigned why it was not made there.
I am of opinion that the complainants have not made out such a case in their bill as will entitle them to relief in a court of equity. No principle is better settled than this: That where a defense is purely legal it ought to be made at law. If a defendant makes a defence at law in a case purely legal and fails, or if he neglects to make his defence there when he might have done so, a court of equity will give him no relief. The only exception to this rule is in cases where he was prevented from making the proper defence at law, owing to causes over which he had no control and in which no neglect is imputable to him. But it should appear that he made use of every exertion to make his proper defence. It can be no ground for coming into a court of equity that the party has been negligent, although in consequence of that negligence his adversary has unjustly and unconscientiously obtained an improper verdict.
There can be no doubt but that the defence set up in this bill is a matter purely legal. The complainants neglected to bring the question before a court of law, and the only excuse they offer for this neglect is that they relied upon the plaintiff at law to give the proper credits. I am willing to admit that if a plaintiff at law promises to give a certain credit, in consequence of which the adverse party relying upon this promise fails to defend the suit, a court of equity will give relief if such credit it withheld; because in such case the party claiming the benefit of the credit is prevented from obtaining it at law by reason of the fraud and imposition of his adversay. But such is not the case in the present instance.
It is insisted, however, that Hogan concealed from the Court and jury such facts as were beneficial to the complainants. It is only necessary to state that the bill does not charge that kind of concealment which will authorize the interference of a court of equity. If *Page 177 
one party who alone has knowledge of the fact conceals such fact from his adversary, by which means an unjust verdict is obtained, I would have no hesitation in giving relief. But the principles upon which such relief is extended do not apply to cases where the fact material for the defence is as well known to the defendant as to the plaintiff.
Suppose a plaintiff brings an action at law, in a case where he really has a good cause of action, but upon the trial he introduces no proof, and a verdict is rendered for the defendant? If he then brought a suit in equity, alleging the justness of his claim and charging that be relied upon the defendant, upon the trial, to admit the demand, would he be relieved? Certainly not. Suppose, on the other hand, a defendant is sued in an action at law, who makes no defense, in consequence of which a verdict is recovered against him for more than is really due. If he then comes into a court of equity, praying for relief and alleging that he had relied upon the plaintiff to give him all just credits, would the injury be redressed? No relief could, by the rules of equity, be afforded him, except the plaintiff had by false and fraudulent representations induced him to make no defence; and except also, in a case where the evidence to support the defence could not be procured but by the oath of the plaintiff.
In this case the defence was purely legal. The complainants had no reason to suppose that the plaintiff at law would show both sides of the case. If we were to give relief it would be a usurpation upon the rights and powers of the courts of law, which I am not disposed to commit. If injustice has been done, it has arisen from the neglect of the complainants, by the consequences of which they must abide.