Johnson, Ch. J.
 

 The plaintiffs were nonsuited at the trial, upon the ground that the evidence established that Dawley was their agent to receive the package in question at Vienna, and that it was delivered by the defendants to him and received and held by him as the plaintiffs’ agent.
 

 The testimony of the defendants’ agent at Canandaigua showed that the practice at his agency was to retain packages addressed to persons and places not on the direct line of the express routes, until they were called for, or written directions were received from the consignee; and that packages so directed, and further addressed to his care as “ express agent,” were dealt with in the same manner. Dawley, the agent at Vienna, likewise stated that he treated and delivered packages addressed to consignees off the line of the railroad, and to his care as “ express agent,” in the same way as he did all other express packages. He also stated that he had heard the testimony of the Canandaigua agent and agreed with him as to the defendants’ mode of doing their business. So far as his recollection served him to specify cases in which he had such packages addressed to persons off the direct line, he had received specific instructions from the consignees; but in one case he thought he had sent a package to persons whom he named, and could not say whether or not they had given him any instructions. It is manifest
 
 *510
 
 therefore, that the ruling at the trial was based upon the legal effect of the direction upon the package; for all the other evidence in the case tended to show that, according to the usual course of the defendants’ business, what Dawley did at Vienna with this package was done as the agent of the defendants and not of the plaintiffs.
 

 Ordinarily, the address of a package to the care of any one is an authority to the carrier to deliver it to such person ; but when the person to whom it is thus addressed is the agent and principal representative of the carrier himself, at the point where the carriage is to terminate, it may be regarded as a mere expansion of the ordinary direction to have it stopped at the place on the route where that agent is in charge of the business. It should be so regarded; for there is no probable reason why a person sending a package should be supposed to choose to terminate the carrier’s responsibility and substitute that of the carrier’s agent, when by such change no new duty would be created, and the package would be dealt with in either case by the same person and in the same way. The only object in giving such a direction which could be supposed would be to change the responsibility from the carrier to the agent appointed by the
 
 carrier;
 
 and as such a change would usually impair the security of the owner, as he must be taken generally to know more about the carrier whom he employs than about the carrier’s agent, of whom he will commonly know only the name, it would be acting against the natural presumptions which arise from the situation of the parties to attribute to the owner such an intention.
 

 It was therefore erroneous to hold as matter of law that Dawley received the package as the plaintiff’s agent, and there must be a new trial.
 

 Selden, J., expressed no opinion. All the other judges concurred, intending, however, to exclude any implication
 
 *511
 
 that the defendants were under an obligation
 
 to
 
 transport the package to Newark.
 

 Judgment reversed and new trial ordered.