48    425
162    353

THE CHICAGO & NORTHWESTERN RAILWAY COMPANY

*v.*

ALLEN N. MERRILL.

1. RAILROAD CORPORATION—*concerning liability of—as carriers of goods marked* "*C. O. D.*"—*liability terminated by a delivery merely.* Where a consignor delivered certain goods to a railroad company for transportation, marked

as follows: " John L. Page, Winnebago, goods by R. R., care of American Express Co., C. O. D.," and which goods, thus marked, were shipped by the company and safely delivered to the consignee: *Held*, that the liability of the company terminated with a delivery of the goods, and that it could not be charged with the collection of the price of the same, the proof showing that such duties were never undertaken by it, in any case ; that no bill for the price of such goods was ever delivered to the company by the consignor, and that the receipt given contained no language indicating any undertaking to make such collections.

2.  SAME.   The words, " care of the American Express Co.," appearing upon the goods alone, and not being mentioned in the receipt given by the company, indicated merely that if the consignee could not be found, they might be delivered into the care of the express company.

APPEAL from the Circuit Court of Kane county; the Hon. SYLVANUS WILCOX, Judge, presiding.

The opinion states the case.

Messrs. HARRINGTON & BARRY, for the appellants.

Mr. CHARLES WHEATON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This was an action of assumpsit, brought against the railway company, to recover for the value of some castings sent over their road, from Geneva to Winnebago, in this State. The goods were marked as follows: "John L. Page, Winnebago; goods by R. R., care of American Express Co., C. O.D.," and were shipped by the railroad with the directions thus marked on them.   They were safely delivered to Page, upon the payment of freight.   He proved insolvent, and Merrill, the consignor, having failed to recover the price of his goods from him, has brought this suit against the company, and recovered a verdict and judgment in the circuit court.

There is no possible ground upon which this judgment can be sustained upon the record before us. · We held in the case

of *The American Express Co.* v. *Lesem*, 39 Ill. 313, that in an action against an express company, the plaintiff might aver in his declaration, and prove upon the trial, in what sense the characters C. O. D. were used in the business of express companies, and what was the usage of those companies in regard to packages thus marked, and what responsibilities they assumed by giving a receipt with these characters written upon it. But in the case at bar, although the goods were marked C. O. D., the receipt given by the company contained no such characters, nor any language indicating an undertaking on the part of the company to collect from the consignee the price of the goods. Not only that, but there is not a scintilla of evidence in the record, that this railway company ever undertakes the duties of a collecting agent, or that it recognizes the characters, C. O. D., when inscribed upon an article of transportation, as imposing upon itself any additional duties or obligations.

And not only was there an entire absence of evidence showing such usage, but the direct reverse was positively proven. Besides all this, it was also shown that no bill for the price of the goods, was delivered by the consignor to the company, so that, if it had desired to collect their value from the consignee, upon delivery, it had not the means of doing so.

Under these circumstances, we are utterly unable to see upon what ground the liability of the railroad company can be made to rest. It simply undertook, by its receipt, to transport these goods to Winnebago, and there safely deliver them to John L. Page, who is named in the receipt as consignee. This it did, and there its liability ended. It is true that on the box were written, besides the name of Page, as consignee —the words, "care of American Express Co." But in the receipt given to the appellee by the company, Page was named as the consignee, and nothing is said about the express company, and we understand these words upon the box as merely indicating that, if Page, the consignee, could not be found to

receive the goods, the appellant might deliver them into the care of the express company. But Page did appear, and claimed the goods, and the appellant delivered them to him as it was its duty to do. And if it could be held that the express company, and not Page, should be regarded as the consignee of the goods, it appears that the station agent of the railway company at Winnebago, who received the goods, was also the agent of the express company, so that, in either event, the appellant made a proper delivery.

The judgment must be reversed.

*Judgment reversed.*