ELA VS. THE AMERICAN MERCHANTS' UNION EXPRESS COM-
PANY.

*Express company, what delivery discharges. Liability for money converted by servants. Parties.*

1. Where a package is delivered to an express company directed to "A., care of B.," a delivery to B. at the proper place discharges the company's liability.

2. If such package is simply directed to A., and is delivered by the company to B., without any authority from the consignor or consignee, and does not come safely to the hands of A., the company remains liable to him, although B. is the consignor's agent in respect to other business, at the place of delivery.

3. In general, a delivery of the bill of lading to the consignee, or a delivery to him and acceptance by him of the goods, is necessary to a transfer to him of the consignor's title.

4. But if the goods be lost or destroyed in transit, the consignor may release his title or claim to the consignee, with his consent, and the latter may then maintain an action against the carrier for the value of the goods.

5. Where the property lost is a package of money only, the consignee, after such release to him from the consignor, may maintain an action against the carrier *for money had and received.*

6. Privity of contract between the parties is not necessary to sustain the action for money had and received; but it is sufficient that defendant has money which of right belongs to another, and which it is against conscience for defendant to keep.

7. The right to maintain such an action is not affected by the fact that the money was taken or converted by the fraud or felony of defendant's servant.

APPEAL from the Circuit Court for *Racine* County.

Action to recover damages from the *Express Company* for the alleged non-delivery of a package of seven hundred dollars in currency, which had been delivered to that company by the Western Union Railroad Company, to be transported to Burlington, Wisconsin, for the plaintiff.

The complaint alleges that the railway company made a contract in writing with the express company, in these words:

"Received of W. V. Baker, treasurer, pckg, said to contain Cy. valued at seven hundred dollars, marked Richard E. Ela, Burlington, Wisconsin, which we undertake to forward to the nearest point of destination reached by this company, subject expressly to the following conditions:" etc. It then avers the delivery of the package to the defendant company, addressed on the outside to *Richard E. Ela*, Burlington, Wisconsin; and that the defendant, for value received, promised to transfer the same from Racine, Wisconsin, to the plaintiff at Burlington, Wisconsin. It also avers that the said package was never delivered.

The answer is a general denial, and a special defense to the effect that the defendant did receive a package from Baker, treasurer, sealed up, which was said to contain seven hundred dollars in currency; that the package was addressed to *Richard E. Ela*, care of H. E. Carpenter, Burlington, Wisconsin; and that, in pursuance of that direction, the package was safely transported to Burlington, and delivered to Carpenter.

Upon the issue whether the package was addressed on the outside to *Richard E. Ela*, Burlington, Wisconsin, or *Richard E. Ela*, care of H. E. Carpenter, Burlington, Wisconsin, the plaintiff produced the receipt set out in the complaint, and the way-bill filled out by the route messenger, both showing that it was simply directed to the plaintiff, and not to the care of any one; and the person who made up and directed it testified that he had no doubt it was so directed.

The defendant put in evidence an entry in the receipt book kept by the express company at Burlington, of the same date as the former receipt, as follows: "1 Pa. | 700 | R. E. Ela, care H. E. C. | D. H. | H. E. Carpenter;" also the deposition of the express messenger, who received the package in question on the cars, to the effect that all packages received by him, addressed to the plaintiff, were directed to "care of H. E. Carpenter;" though he could not recollect as to the receipt or direction of that particular package. The evidence further

established these facts. The railway company was owing *Mr. Ela*, and on the 29th of June, 1866, it delivered a package of money to the express company for him, and took therefor the receipt offered in evidence. The receipt was filled out by an employee of the railway company, in a book of blank receipts furnished by the express company, and the package was delivered to the messenger at the cars. The express company received no pay for its transportation. Being sent by the railway company, it was taken free of charge, as was customary in such cases. The receipt was retained by the railway company, and was never transferred or delivered to *Mr. Ela*, but the money was charged to him on the books of the company. The package was safely transported to Burlington, and was delivered to H. E. Carpenter, who was the agent of the express company at Burlington, and also the station agent of the railway company. Carpenter took and converted the money to his own use. On discovering that fact, the railway company took the position that *Mr. Ela* must bear the loss, and that his remedy therefor was against the express company. He demurred to that position, but, after considerable correspondence on the subject, which was put in evidence, finally consented to attempt collection from that company, if the railway company wished him to do so.

The jury rendered a verdict for the plaintiff for the amount claimed; and judgment was entered accordingly, a motion for a new trial having been overruled. The defendant appeals.

*Finches, Lynde Miller*, for appellant:

The plaintiff was not the owner of the money at the time it was delivered to the express company, and there was not any privity of contract between him and the express company, and could not be until he actually received and accepted the package; therefore, he cannot maintain this action. *Conger v. G. & C. U. R. R. Co.*, 17 Wis., 477; *Ogden v. Coddington*, 2 E. D. Smith, 328; *Snee v. Prescott*, 1 Atk., 245, 248; *Dawes v. Peck*, 8 Term, 330; *Dutton v. Solomonson*, 3 Bos. & Pul., 584; *Free-*

*man v. Brick,* 1 Nev. & Mann., 420; *Coats v. Chaplin,* 3 A. & E. (N. S.), 483; *Potter v. Lansing,* 1 Johns. 215; *Holbrook v. Wright,* 24 Wend., 169; *Hinsdell v. Weed,* 5 Denio, 172; *Price v. Powell,* 3 Coms. 322; 3 Vt., 402; 11 Cush., 155; 1 Cheeves (S. C.), 174; 15 Wend.. 476; 12 Pick., 300. Until delivery of the receipt to the plaintiff, the railway company could have changed the direction of the money. 1 Daly, 367; 4 Blackf., 364; 5 E. C. L., 283; 22 id., 214; 28 id., 326; 43 id., 835. The package went free because it was the property of the railway company, and the express company could not be charged with its loss after it had actually been delivered to the agent of the railway company. The evidence shows that, by the course of business between the plaintiff and the railway company, Burlington was the place where he was to receive his money, and, therefore, until delivered to him it was at the risk of that company. The cause of action, if any, was in its favor, and not in favor of the plaintiff; and as against it the defendant had a good, and sufficient defense; 43 E. C. L., 483; 29 N. Y., 436.

*Fish & Lee,* for respondent:

1. All the issues were properly submitted to the jury, and the defendant is concluded by their verdict. 2. No privity of contract is necessary in order to sustain an action for money had and received to plaintiff's use. 1 Chitty Pl., 351; 2 Denio, 91; 15 Conn., 52, 56; 21 Pick., 1–6; 17 Mass., 562, 574. 3. The delivery of the money to the express company discharged the indebtedness of the railway company to the plaintiff to that amount, even though he never received it. 2 Parsons on Con., 620, 621; *Wakefield v. Lithgow,* 3 Mass., 249; *Clark v. Muran,* 3 Paige, 373; *Gurney v. Howe,* 9 Gray, 405. The railway company, if it could maintain an action on the receipt, could recover no more than nominal damages. The consignee is presumed the owner. *Montgomery & W. P. R. R. Co. v. Edmonds,* 41 Ala., 676; Opinion of KENT, Ch. J., *Ludlow v. Bowen,* 1 Johns., 14; 8 Term, 336; 5 id., 390; *Gibson v.*

*Culver*, 17 Wend., 306; *Coxe v. Harden*, 4 East., 211; *Ellis v. Hunt*, 3 Term, 469; 1 Chitty Pl., 6. The action must be brought by the owner. Selwyn's N. P., 105; *King v. Meredith*, 2 Camp., 639; R. S., chap. 122, sec. 12.

DIXON, C. J. Counsel for the defendant, in their statement of facts, say there was a conflict of testimony as to whether the package was addressed on the outside " *Richard E. Ela*, Burlington, Wisconsin," or " *Richard E. Ela*, care of H. E. Carpenter, Burlington, Wisconsin." An examination of the bill of exceptions shows very clearly that there was considerable testimony of quite a positive character, tending to prove that the former was the address of the package. The charge of the court is not contained in the bill of exceptions, from which we understand that the instructions were unexceptionable to the defendant. We are merely informed that the court charged the jury. Under these circumstances, we must assume that the court correctly instructed the jury as to the law governing the case, which was, if they should find the first was the true address of the package, that then the defendant was liable for its contents until it was safely delivered to the plaintiff, *Mr. Ela ;* but if, on the other hand, they should find the latter was the actual address, then the defendant discharged its duty and was relieved from further responsibility, by the delivery to Mr. Carpenter, to whose care the package was addressed, and thereafter the loss, if any, must fall upon the railway company or upon *Mr. Ela*, according as the relations between those parties should be found to have existed, and not upon the defendant in this action.

The test of the defendant's liability in the action was, whether the package was received and held by Carpenter as the agent of the defendant, or as the agent of the railway company, or of *Mr. Ela*. If the former, the defendant was liable; but if the latter, no matter what the relations between *Mr. Ela* and the railway company may have been with respect to the money

being treated as a payment by the company, the moment it was transmitted, the defendant was not liable.   Mr. Carpenter was acting both as the agent of the defendant and of the railway company at the Burlington station.   Those agencies were, however, distinct, having no necessary connection with or dependence upon each other.   If the first was the address of the package, then the delivery of it by the express messenger to Mr. Carpenter at Burlington station was a delivery by the defendant to its own chosen agent at that place, to be by him safely kept and delivered to *Mr. Ela*, to whom it was addressed; and for his failure so to keep and deliver, the defendant was clearly liable.   But if, on the contrary, the latter was the mode of address, then the delivery to Mr. Carpenter was a complete delivery so far as the defendant was concerned, and absolved it from all further responsibility.   Such delivery was, for that purpose, equivalent to a delivery to *Mr. Ela* himself.   The package being addressed to his care, Mr. Carpenter was thereby constituted the proper person to whom to make delivery.   He was the agent selected by the railway company, or, if the fact were so, by *Mr. Ela*, in order that it might be so delivered ; and, for the purposes of this action, it was immaterial what the fact was as between *Mr. Ela* and the railway company, so long as he was not acting as the agent of the defendant.   The principle upon which the defendant's liability rested, if liable at all, was therefore plain; and we are bound to assume it was properly explained to the jury, and that they must have found that the first was the true address of the package; and if they did so find, then it is clear that the verdict cannot be disturbed as being unsupported by testimony or against the weight of testimony.

The remaining question is, as to whether the action, in the nature of an action for money had and received, could be maintained.   The package was a money package, and contained nothing but money.   The bill of lading, or defendant company's receipt, was not transferred to the plaintiff, and he did not sue upon that contract.   He sued merely as the party lawfully

entitled to receive the package, and for whose use the money in it was intended. It is objected that privity of contract is necessary to sustain the action for money had and received; and the rule is invoked, that until the bill of lading is delivered, the shipper remains the owner, and may change the direction of the property, or that acceptance of the property by the consignee, or the delivery of the bill to him, is necessary to transfer the title. The latter proposition may in many and perhaps most cases be true; but it is undoubtedly competent for the parties to come to a different agreement. If goods consigned be lost or destroyed in transit, so as never to come to the hands of the consignee, the consignor may, if he choose and the consignee assents thereto, release his title or claim to the consignee, so that the latter may maintain any proper action against the carrier to recover the value of the goods. Such, in substance, appears to have been the arrangement here between the railway company and the plaintiff, *Mr. Ela.*

And as to the other proposition, that privity of contract is necessary to maintain the action, it seems to be very well settled by the authorities to the contrary. It has long been held that the action lies for the recovery of money paid under a *mistake of facts*; or obtained by *fraud* or *compulsion*; or *extorted* by unjust or oppressive proceedings, or deposited upon an *illegal wager* or *illegal contract* not executed, or paid upon a consideration which has wholly failed, etc. 1 Chitty's, Pl., 351, note (z), and authorities cited. It is difficult to perceive any thing like privity of contract in many of the above, and other like cases which are to be found. But in the following cases it was expressly decided that there need be no privity of contract to support the action, except that which results from one man's having money which of right belongs to another, and which it is against conscience for him to keep. *Mason. v. Waite,* 17 Mass., 560: *Hall v. Marston,* id., 575; *Dickson v. Cunningham,* Mart. and Yerg., 203, 221; *Eagle Bank v. Smith,* 5 Conn., 71; *Rieur v. Crafts,* 12 Johns., 90; *Grant v. Vaughan,* 3 Burr.,

1525, 1529 ; *Tatlock v. Harris*, 8 Tenn., 174; *Rabourgh v. Peyton*, 2 Wheat., 385 ; *Boyd v. Logan*, Cooke, 394. See also *Claflin v. Godfrey*, 21 Pick., 1 ; and *Buel v. Baughton*, 2 Denio, 91. Such was the relation which existed between the parties here. The defendant had the package of money, which it was its duty to have delivered to the plaintiff ; and the fact that it was taken or converted by the fraud or felony of its servant, can make no difference. The question is the same as if it had been in any other manner unlawfully retained, or as if the defendant had unlawfully taken and disposed of it to its own use. In *Mason v. Waite*, the action was by one who had delivered bank notes, put up ·in a parcel, to a carrier, to be delivered to a third person, but the carrier had paid them to the defendant for a loss at a faro table. It was held that money had and received would lie, and the plaintiff recovered the amount with interest.

*By the Court.*—Judgment affirmed.