## SOUTHERN EXPRESS COMPANY *v.* DICKSON.

An express company, well knowing that certain goods, received by it for transportation to a place mentioned in its receipt, were the property of the shipper, delivered them, without his knowledge, to a third person, at the place of shipment, on the order of the consignee. *Held,* that the company was liable to the shipper for the value of the goods.

ERROR to the Circuit Court of the United States for the Southern District of Alabama.

The facts are stated in the opinion of the court.

*Mr. Clarence A. Seward,* for the plaintiff in error.

*Mr. Conway Robinson* and *Mr. Leigh Robinson, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The case, in brief, is this: The agent of the plaintiff Dickson delivered to the express company at Greensboro', N. C., fifty-two boxes of tobacco, to be shipped to Columbia, S. C. The boxes were consigned to Trent & Rea at that place, and the delivery to the company for shipment was made by Trent, one

of that firm, who at the time informed the company that the tobacco was the property of the plaintiff. A written receipt was given by the company in the usual form. The boxes never left Greensboro', but were, without authority of the owner, sold by Trent to one Mendenhall, to whom, by the order of Trent, they were delivered by the company at Greensboro'.

The court charged the jury, that, if they believed from the evidence that the tobacco was, at the time of its delivery to the defendant, the property of the plaintiff, and that fact was known to the defendant or its agent, though by the receipt given for it Trent & Rea were the consignees thereof, and the defendant might lawfully deliver the said tobacco to the consignees at Columbia, S. C., the defendant was not authorized to deliver the same to the consignees, or either of them, or to any other person by the order of either of them, at Greensboro', N. C., the place of shipment; and such delivery at Greensboro', N. C., without the knowledge or consent of the plaintiff, would not discharge the defendant from liability therefor to the plaintiff. To which charge of the court the defendant then and there excepted.

There was a verdict for the plaintiff, on which judgment was rendered, and the defendant sued out this writ of error.

By various requests to charge, the defendant presented the point in different forms, but the question of law is clearly indicated by the charge given. The express company is not liable in this action, if, upon the order of Trent, it was justified in delivering the property at the place of its intended shipment. If it was not so justified, but was bound to transport and deliver as agreed in its receipt, or to deliver to the owner, then it is liable, and the judgment should be affirmed.

We are not called upon to question the proposition that a consignee of goods is for many purposes deemed to be the owner of them, and may maintain an action for their non-delivery. 1 Pars. Ship. 269. In the case before us, the proof was given; and the jury found that the goods did not belong to the consignees, but were the property of the shipper, and that this was known to the carrier. The question is, rather, where it is known that the goods are the property of the shipper, and have been shipped by him for delivery to the consignees as his agents at a

distant place, can the carrier deliver the goods to such consignees or to their order at another place, or without starti'ɼ y them on their journey? We think the rule is, that, where the consignor is known to the carrier to be the owner, the carrier must be understood to contract with him only, for his interest, upon such terms as he dictates in regard to the delivery, and that the consignees are to be regarded simply as agents selected by him to receive the goods at a place indicated. Where he is an agent merely, the rule is different. This is illustrated by the case of *Thompson* v. *Fargo*, 49 N. Y. 185. Thompson had, as the agent of White, collected certain moneys belonging to White, and, inclosing them in a package directed to White at Terre Haute, Ind., sent the package from Decatur, in the same State, by the express company. Various attempts were made to deliver the package to White, but he could not be found; and Thompson, the shipper, at length demanded the return to him of the package, and, on refusal, brought an action to recover its value. The Court of Appeals of New York held, that, if the case had been one of a sale by the consignor, with no directions from the consignee how to ship the goods, the former, as the title would remain in him, might maintain an action, but not when he was the mere agent, having no interest in the property, but acting pursuant to the orders of the owner in shipping it; that a delivery to him would be no defence to an action by the owner. The case of *Duff* v. *Budd*, 3 Brod. & B. 177, holds the same rule.

The numerous cases cited by the plaintiff in error, to the effect that any delivery to the consignee which is good as between him and the carrier is good against the consignor, are cases where the carrier has no notice of the ownership of the property other than that implied from the relation of the parties to each other as consignor and consignee. This gives to the consignee the implied ownership of the property, and hence justifies the carrier in taking his direction as to the manner of delivery. In addition to those authorities, reference may be had to *Sweet* v. *Barney*, 23 N. Y. 325, where a bank in the interior of New York sent by express a package of money directed to " The People's Bank, 173 Canal Street, New York." The package was delivered to an agent of the People's Bank

at the office of the express company, and was stolen from such agent. The bank in the interior brought its action against the express company, and the question was, whether the express company was authorized to deliver the package at any other place than 173 Canal Street. The court held, that as there was no notice to the express company that the money was not the property of the People's Bank, in the city of New York, nor any circumstances to weaken the presumption that the money belonged to that bank, any delivery that was good as to that bank discharged the carrier.

Of the character mentioned is the case of *London & Northwestern Railway Co.* v. *Bartlett*, 7 N. & H. 400, which is much relied on by the plaintiff in error. The consignée in that case was the purchaser of the wheat in question, and consequently any delivery to him, or his order, wherever it might be, would be a discharge to the carrier.

The same fact existed in *Mitchell* v. *Ede and Others*, 11 A. & E. 888. The plaintiff recovered the value of the sugars shipped from Jamaica, for the reason that, under the circumstances stated, he was held to be the owner of them. Upon the same principle is *Foster* v. *Frampton*, 6 B. & C. 107, where the goods were received from the carrier by the actual vendee, and it was held that the *transitus* was at an end.

We do not perceive any thing adverse to the principles we have stated in the learned opinion delivered by Chief Justice Shaw in *Blanchard* v. *Paige*, 8 Gray (Mass.), 285, nor in *Lee* v. *Kimball*, 45 Me. 172, which holds that, where a vendee of goods sells the same before reaching their destination, the right of stoppage *in transitu* is ended.

We base our judgment upon the bill of lading and its legal results, adopting the fifth point of the plaintiff in error, that any antecedent agreement or understanding was merged therein and extinguished thereby. The circumstances of the shipment, how and by whom made, and the knowledge of the ownership, were proved without objection. These circumstances, and the bill of lading adopted and claimed by the plaintiff, and the point raised by the exception to the charge of the judge, present the question we have discussed, and no other.

The plaintiff in error now contends in his eleventh point that Dickson was not the owner of the tobacco. This point cannot be raised here. No request or exception was made which involves the question. The ownership was assumed throughout the trial, in the charge of the judge, not disputed in the requests to charge, and if a subject of doubt in any form, must be considered as settled by the verdict. The only suggestion of a denial of ownership is in the request to charge, that, if the tobacco was in the possession of Trent, as agent of Dickson, or otherwise, then the delivery to him or his order was lawful. To hold this to be a denial of the ownership of Dickson, or a claim of ownership by Trent, would go far beyond any reasonable construction.

We see no error in the rulings at the trial, and are of the opinion that the judgment should be affirmed.

*It is so ordered.*