## COOPER, Jr., *v.* BANK OF BRITISH NORTH AMERICA.

*(Circuit Court, S. D. New York.* March 9, 1887.)

CARRIERS—CONSIGNOR KNOWN TO BE OWNER OF GOODS CARRIED—RIGHTS OF CONSIGNOR.

Plaintiff, desiring to pay a draft which he had drawn on A. at Glasgow, Scotland, made an arrangement with the defendant bank by which it agreed to cable the money to London, and to forward it in the form of a check, through their London agent, from London to Glasgow, to A. Instead of doing this, defendant, without plaintiff's knowledge, paid the money over to a bank in London, to the credit of A., who failed and closed his doors the next day, being indebted to the London bank where the deposit was made. Had defendant forwarded the money by check to A., as it agreed to do, he would have used it to pay plaintiff's draft. *Held,* plaintiff is entitled to recover the amount from defendant. Where a consignor is known to the carrier to be the owner, the carrier must be understood to contract with him only, for his interest, and upon the terms he dictates in regard to the delivery, and the consignees are to be regarded simply as agents selected to receive the money.

At Law. Motion for a new trial.

This action is by William B. Cooper, Jr., to recover of the defendants the sum of £5,000, with interest, amounting in the aggregate to $28,-502.56. At the time of the transaction in question, in the spring of 1884, the plaintiff was a commission merchant in the city of New York. The defendants were engaged in the business of banking in the city of London, with a branch office in New York. During the same period, Martin, Turner & Co., of Glasgow, Scotland, were in the East Indian trade, having a branch office in London. Their banking business was transacted at the Bank of Scotland, which also had a branch office in London. On the fourteenth of December, 1883, the plaintiff having a letter of credit permitting him so to do, drew a draft upon the Glasgow firm of Martin, Turner & Co. for £5,000, payable in London to the order of himself. This draft was due February 29, 1884. It was the plaintiff's duty to take it up at maturity. On the twenty-sixth of February he went to the office for the defendants, in New York, and purchased a cable exchange for £5,000, which was sent by them to London, reaching there the next day, February 27th. The money was on that day deposited in the Bank of Scotland, London, to the credit of Martin, Turner & Co. At the same time a dispatch was sent by the defendants, in London, to Martin, Turner & Co., at Glasgow, announcing that at that moment they were paying to their credit at the Bank of Scotland the sum aforesaid. On the same day they wrote to the Glasgow firm that the amount had been paid to their credit. The letter reached Glasgow on the morning of the 28th. It is undisputed that if a draft had been inclosed, that also would have reached there at the same time. The payment to the Bank of Scotland was made pursuant to written instructions received by the defendants, at London, from Martin, Turner & Co. Upon the 28th, Martin, Turner & Co. having received advices from their East Indian correspondents, became convinced that it was idle for them to continue longer in business, and upon the morning of the 29th they closed their

doors. The money was paid to the Bank of Scotland without specific instructions, and a general credit was given to Martin, Turner & Co. upon the books of the bank. The firm was indebted to the bank to a considerable extent, and the money was retained to lessen this indebtedness. The plaintiff received no benefit from it. It was not used to take up the draft. The plaintiff insists that the money was lost to him by reason of the failure of the defendants to obey specific instructions given by him to them upon the twenty-sixth of February. He testified that he informed the agent of the defendants that the money which he was about to send to Martin, Turner & Co. belonged to him; that it was sent to take up a draft shortly to fall due; that he wished it sent by cable to London, and from thence by mail, in the form of a check, to Martin, Turner & Co., at Glasgow; and that the defendants agreed to these terms. The defendants deny that any specific instructions were given, and insist that the money was sent in the usual way, and was paid to Martin, Turner & Co. as directed by them. If the money had been sent by mail, so that it could have been identified, it would have been applied by Martin, Turner & Co. to retire the plaintiff's draft. The jury were instructed that the relation of principal and agent existed between the parties; that the plaintiff had a right to prescribe the manner in which his funds should be sent, and if the defendants, knowing that the funds were his, and that they were transmitted for a special purpose, contracted with him to send them in a particular way, and loss occurred by their failure to keep that agreement, the plaintiff was entitled to recover. If, however, there was no such agreement; if the defendants did not know that the money belonged to the plaintiff, or that it was to be sent for a specific purpose; if the circumstances were such that they had a right to assume that it was the money of Martin, Turner & Co.; if, in other words, it was sent in the usual course of business, without any particular instructions,—then the defendants were entitled to a verdict. The jury found for the plaintiff. The defendants excepted to the refusal of the court to direct a verdict in their favor, and also to the refusal to charge that the money belonged to Martin, Turner & Co. as soon as it came under their control, and also to that portion of the charge where the jury were instructed, in substance, that if they found the agreement to be as stated in the plaintiff's testimony he was entitled to recover.

The defendants now move for a new trial upon the ground that the plaintiff has no cause of action, and that the verdict is against the weight of evidence.

*John M. Bowers*, for plaintiff.

*Stephen P. Nash*, for defendants.

COXE, J. The verdict of the jury has settled the disputed question of fact. The plaintiff's version of the transaction must be taken as the true one. The following facts are established: On the fourteenth of December, 1883, the plaintiff drew a draft for £5,000 on Martin, Turner & Co., of Glasgow, which matured February 29, 1884. It was his duty

to take up this draft. On the twenty-sixth of February, the defendants, knowing that the money handed them by the plaintiff belonged to him, and that it was sent to retire a draft, agreed with him to forward it by cable to London, and by mail, in the form of a check, from London to Martin, Turner & Co., at Glasgow. Instead of doing this, the defendants, without the knowledge of the plaintiff, and contrary to his instructions, paid the money to the credit of Martin, Turner & Co. at the Bank of Scotland, in London. Had they performed their agreement, the money would have been saved by the plaintiff. As it was, it was lost to him.

The question is whether upon these facts the plaintiff can recover. It is not necesssary to enter, at this time, upon an extended discussion of the authorities cited by counsel, for the reason that, upon the facts as stated, the case of *Southern Express Co.* v. *Dickson*, 94 U. S. 549, seems to be controlling. It seldom happens that two cases are exactly parallel upon the facts. In the *Dickson Case* the property in question was tobacco, and not money, and it was to be sent by express, and not by telegraph and mail. But it is difficult to perceive why the principle there announced is not applicable here. The instructions given to the jury in the two cases were substantially identical. The verdict in that case also was for the plaintiff, and upon the facts there found the supreme court said:

"We think the rule is that, where the consignor is known to the carrier to be the owner, the carrier must be understood to contract with him only, for his interest, upon such terms as he dictates in regard to the delivery, and that the consignees are to be regarded simply as agents selected by him to receive the goods at a place indicated."

It is thought that the plaintiff is within this rule, and that this court, as the law now stands, would not be justified in disturbing the verdict. The motion is denied.