UNITED STATES EXPRESS COMPANY *v.* HAMMER.

[No. 2,711.    Filed November 22, 1898.]

EXPRESS COMPANIES.—*Shipment to One Person in Care of Another.— Delivery.*—Where a shipment made by an express company is consigned to one person in care of another, it is the duty of the company, upon the refusal of the party in whose care the goods were sent, to accept the same, and upon information that the consignee is the owner and entitled to possession thereof, to deliver the shipment to the consignee.

From the Marion Circuit Court.    *Affirmed.*

*Albert Baker* and *Edward Daniels*, for appellant.

*Cropsey & Marshall*, for appellee.

WILEY, J.—This was an action in replevin, commenced before a justice of the peace, wherein appellee was plaintiff and appellant was defendant. The case was tried in the justice's court, resulting in

a judgment for appellee. Upon appeal to the court below, the facts were agreed to, adopted by the court as its special finding of facts, upon which conclusions of law were stated, and judgment rendered thereon in favor of appellee. The facts found are as follows: That appellant was a common carrier of goods for hire; that it had and maintained an office in the city of Indianapolis, and at the town of Ray, in Steuben county, Indiana; that in 1895, one Teeters was indebted to appellee in the sum of one dollar, and sent said sum by appellant company, as a common carrier, from Ray, Indiana, to Indianapolis, in an envelope package, addressed as follows: "For R. C. Hammer, Indianapolis, Ind., in care of American Express Co.;" that, on the day said package reached appellant's office at Indianapolis, it tendered the same to the American Express Company at its office in said city; that said American Express Company refused to accept the same, "with the statement that Royal C. Hammer was not employed by or connected with said American Express Company;" that the American Express Company made no claim to the said package; that appellee learned that said package was in the possession of appellant, at its office in Indianapolis, and called at said office, and requested that it be turned over to him, which was refused; that thereupon he made a formal demand for the package, which was refused; that said package contained one dollar; that it was not taken for a tax, assessment, or fine pursuant to statute, or seized under an execution or attachment against the property of appellee; that the charge for transmission of said package had been prepaid; that appellant had no claim or demand upon the same on account of any service rendered in connection with said package; that the agent of appellant at Indianapolis, upon

whom appellee made demand for said package, knew that appellee was the person named upon the address inscribed thereon; that appellee was kept out of the possession of the package six days, to his damage, etc.

As conclusions of law, the court stated: (1) That appellee was entitled to the delivery to him of the property described; (2) that the detention of said property from appellee was unlawful; (3) that appellee was entitled to possession of the property and $5 damages for its detention. To each conclusion of law, appellant excepted. Upon the special findings and conclusions of law, judgment was rendered for appellee.

The appellant has assigned as error, that the court erred in each of its conclusions of law. In their brief, the learned counsel for appellant say: "This appeal presents a single question of novel impression, and it is a question of importance, not only to common carriers, but also to the public. Broadly stated, that question is this: What are the rights of each of the parties concerned in a shipment by an express company, which is consigned to one person 'in care of' another?" It seems to us that, on principle, this question can be easily answered. In the shipment of goods, both the carrier and the consignee have rights, which courts will respect and protect. The duty of the common carrier is to carry safely the goods intrusted to it for shipment, and to deliver to the consignee within a reasonable time. It is the duty of the consignee to receive the goods, when tendered, and to comply with all the reasonable rules of the carrier regulating such shipment and delivery. These are general propositions, and need not here be enlarged upon. If the American Express Company had received and taken into its possession the property in contro-

versy, when tendered by appellant, it might have been a sufficient delivery, and might have relieved appellant from any further responsibility or liability. In fact, this is the rule, and so held in many cases. We cite the following: *Ela* v. *American Merchants' Union Express Co.*, 29 Wis. 611; *Russell* v. *Livingston*, 16 N. Y. 515. But, because of this rule, it does not follow that such delivery is the only good or proper delivery that would relieve the carrier from liability.

The fact does appear from the special findings that the American Express Company refused to receive the package when tendered, and that it gave its reasons for such refusal. It further appears that the package was addressed to appellee; that it belonged to him; that appellant knew he was the identical person to whom it belonged; that he demanded that it be delivered to him, and that he was entitled to its possession. From these facts, the court below could not have reached a different conclusion than that announced. Counsel for appellant cite the case of *Merchants, etc., Co.* v. *Merriam*, 111 Ind. 5, in support of the proposition that, if a common carrier delivers a consigned package to the wrong person, such carrier is liable for conversion. This is true, but it has no application here; for it abundantly appears that the package belonged to appellee, and that he was entitled to its possession. Here appellant refused to deliver the property to the right person after a proper demand had been made for its delivery. Counsel also say that the rule prevails in this State that the law presumes that the consignee is entitled to the possession of the property consigned to him, but that this presumption will not prevail against facts which show that there is another party in interest, and cite *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18; *Pennsylvania Co.* v. *Poor*, 103 Ind. 554; *Cleveland, etc., R.*

*Co.* v. *Moline Plow Co.*, 13 Ind. App. 225; *Southern Express Co.* v. *Dickson*, 94 U. S. 549, in support of their contention. It is the law as held in the last two cases cited that where the facts show that one, other than the consignee, is a party in interest, the presumption does prevail that the consignee is entitled to the possession of goods shipped, after they arrive at their destination; yet the rule can have no application here, because there is not even a pretense that the American Express Company had any interest in the property, while, on the contrary, it distinctly appears that it did not have any interest, and that appellee was the sole owner of and entitled to the possession of the package or goods. When it clearly appears, as it does in this case, that the carrier refuses to deliver the goods shipped to the owner and real party in interest, with a knowledge of the fact that the party claiming the goods is the identical person to whom they are addressed and consigned, the right of the owner to the possession is removed from the possibility of doubt. Counsel for appellant say: "We concede that the question in this appeal is a new one, and, so far as we have been able to discover, there is no precise precedent in this State or any other state of the Union." With all due deference to counsel, we are not surprised that a case identical to this has not found its way into the books, for the principle here involved is not new, but has been long settled. The real question in the case is, who was entitled to the possession of the package in controversy, at the time the action commenced? The facts found by the court resolve this inquiry in favor of appellee, and judgment was properly rendered for him. The judgment is affirmed.