WELLS FARGO & CO. EXPRESS v. PUGH.
(No. 1544.)

(Court of Civil Appeals of Texas. Texarkana. March 17, 1916. Rehearing Denied April 6, 1916.)

1. CARRIERS ⟨key⟩83—DELIVERY TO CONSIGNEE —VIOLATING DIRECTIONS—LIABILITY.

An express company is liable where it delivers goods to the consignee without production of its receipts therefor, contrary to shipper's directions to the company's agent, to whom they were delivered and who was told that they belonged to the shipper, and that drafts with the receipts attached would be drawn on the consignee for their price.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 308–315; Dec. Dig. ⟨key⟩83.]

2. ASSIGNMENTS ⟨key⟩126 — ACTION BY ASSIGNEE.

The assignee of a shipper's claim for wrongful delivery may sue the carrier; the assignment protecting it from any future action by the assignor.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 195–197; Dec. Dig. ⟨key⟩126.]

Appeal from Bowie County Court; Lee Tidwell, Judge.

Action by J. R. Pugh against the Wells Fargo & Company Express. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellee and J. R. Shipp each brought to appellant's agent at Nash, Tex., certain coops of chickens and turkeys, and cases of eggs and butter, to be shipped to Ft. Worth, Tex. A nonnegotiable receipt in the usual form was given by the agent to each of the shippers. The several shipments were consigned to C. H. Woodard, Ft. Worth, Tex. At the time of the delivery to the appellant's agent each of the shippers informed said agent that the property shipped was theirs, and that C. H. Woodard did not own the same, but that C. H. Woodard had ordered the poultry and produce from them and had directed that a draft for the money be drawn on him through the bank ,with the bill of lading or receipt attached thereto; that Woodard was not to get the shipments unless he paid the drafts, and that they were making the shipments that way, and directed that the shipments be not delivered to Woodard by the express company until said C. H. Woodard exhibited the express receipts so attached to the drafts. The shippers attached the express receipts given to them by the appellant's agents to drafts on Woodard, and forwarded them at once through the bank to Ft. Worth by appellant before the drafts were paid by Woodard, and without the production by Woodard of the express receipts. J. R. Shipp assigned his claim to appellee, who brought the suit against appellant for damages. Judgment was rendered, on the verdict of the jury, in favor of appellee.

Glass, Estes, King & Burford, of Texarkana, for appellant. Mahaffey & Keeney, of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1] The petition may properly be treated as a suit for damages as of conversion by misdelivery of the shipment. And it is believed that under the proof in the case the appellee may maintain this suit. It is the rule that where the carrier has notice that the consignee is not the owner of the goods, nor entitled to unconditionally receive them, a delivery to the consignee in violation of the rights of the shipping owner will make the carrier liable for the damages sustained. Express Co. v. Dickson, 94 U. S. 549, 24 L. Ed. 285; 6 Cyc. 469. See rule in Railway Co. v. Bank, 100 Tex. at page 22, 93 S. W. 431. And in accordance with this rule the appellee was authorized to make proof of notice, as ,was given, to appellant's agents of the ownership. Assignments of error raising these points above are therefore overruled.

[2] J. R. Shipp having assigned his claim to appellee, the appellee may sue thereon; and appellant would be protected against any further judgment on the part of J. R. Shipp. Thompson v. Cartwright, 1 Tex. 87, 46 Am. Dec. 95; Railway Co. v. Jenkins, 89 S. W. 1107.

The judgment is affirmed.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes