Pontiac Refining Company, Inc., Appellee, v. Railway Express Agency, Inc., Appellant, and Lorraine Hotel Company.

## Gen. No. 38,209.

Opinion filed November 12, 1935.

CUTTING, MOORE & SIDLEY, of Chicago, for appellant; C. DAGGETT HARVEY, of Chicago, of counsel.

No appearance for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Plaintiff brought suit to recover the value of a shipment of gold bullion delivered to the defendant Railway Express Agency, a corporation, for delivery, alleging that the Express Agency failed to deliver to the consignee. The Lorraine Hotel Company, a corporation, was joined with the Express Agency as defendants. Upon trial by the court the Hotel was acquitted, the Express Agency was found guilty and plaintiff's damages were assessed in the amount of $100. From the judgment defendant appeals. Plaintiff files no brief in this court in support of the judgment.

Plaintiff undertook to ship a small package of gold bullion from Pontiac, Michigan, via the Railway Express Agency to the plaintiff's vice president, Mr. C. E. Jennings; the package was addressed to C. E. Jennings "in care of Lorraine Hotel," Chicago; when the package arrived in Chicago an employee of the Railway Express Agency took it to the Lorraine Hotel and inquired of the room clerk on duty if Mr. C. E. Jennings was in, saying he had a package for him; the room clerk informed the employee that Mr. Jennings was not in but that he would take the package for Jennings and sign the bill or delivery sheet; the package was left with the clerk, who put it in the hotel safe; later, by mistake, the clerk turned over the package to a man by the name of Charles Jennings, who was a different person from the C. E. Jennings for whom the package was intended; this Charles Jennings converted the gold to his own use.

It has been decided in many cases that where a package is addressed to a consignee in the care of a third person, this confers upon such third person the right to receive the goods and constitutes him the proper person to whom to make delivery. A typical

case is *Philadelphia Tapestry Mills v. New England S. S. Co.*, 251 Mass. 270. There a shipment was sent, through the defendant steamship company to ''Wasserman Bros., % S. A. Mangam, Pier 14 N. R., N. Y.'' The steamship company delivered the shipment to Mangam and it was subsequently lost. Plaintiff sued the steamship company. The court held that it was freed from further liability by delivering the shipment to Mangam, saying, ''Where goods are shipped to a consignee in the care of another person, that person has the right to receive the goods and he becomes the proper person to whom the carrier may make delivery.'' Among other cases to the same effect are *Commonwealth v. Peoples Express Co.*, 201 Mass. 564; *City National Bank v. El Paso & N. R. Co.*, 262 U. S. 695; *United States Express Co. v. Hammer*, 21 Ind. App. 186; *Ela v. American Merchants' Union Express Co.*, 29 Wis. 611; *Russell & Annis v. Livingston & Wells*, 16 N. Y. 515; *Chicago & N. W. Ry. Co. v. Merrill*, 48 Ill. 425; *Schlesinger v. West Shore R. R. Co.*, 88 Ill. App. 273; *Hoops v. Wells Fargo & Co.*, 176 Ill. App. 620. We have been unable to find any case holding to the contrary.

It follows, therefore, that the judgment was improperly entered, and it is reversed without remanding.

*Reversed.*

MATCHETT and O'CONNOR, JJ., concur.