EGERTON R. SWITZER v. JOHN P. WILVERS.

1. CHATTEL MORTGAGE, *Void.* W. sold a colt to S. Subsequently, and while the colt was in W.'s possession, S. gave W. authority to sell the colt. W..did not sell, but mortgaged the colt in his own name to a third person. *Held,* That the mortgage was void. A power to sell does not authorize an agent to execute a chattel mortgage.

2. ORDER OF ARREST, *Not Sustained.* A statement that S. had given W. authority to sell a colt of the former, and that W. without other authority, mortgaged the colt in his own name to J., does not support the charge in an affidavit for W.'s arrest, that the latter had made, or was about to make, a fraudulent disposition of his property, to defraud his creditors, or that he had property and rights in action which he fraudulently conceals.

*Error from Saline District Court.*

ACTION originally brought before a justice of the peace, by *Switzer* against *Wilvers,* upon an account for $53.20, for medicines. On the 21st day of February, 1880, the district court affirmed the decision and action of the justice, who had decided a certain amended affidavit for an order of arrest to be insufficient, and discharged the defendant. *Switzer* brings the case here. The facts are stated in the opinion.

*John Foster,* for plaintiff in error.

*Mohler & Cunningham,* and *Garver & Bond,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 2d day of September, 1879, Egerton R. Switzer commenced an action against John P. Wilvers, before R. H. Bishop, a justice of the peace in the city of Salina. He filed his affidavit and undertaking, and obtained an order of arrest for Wilvers. Thereon the latter was arrested. On the 3d day of September, 1879, on the affidavit and undertaking of Wilvers, the case was continued till October 1, 1879, and afterward, by agreement, continued till November 15, 1879, at which time Wilvers obtained a change of venue to E. L. Norton, a justice also for the same township.

On the 16th day of January, 1880, the case came up for trial before E. L. Norton, justice of the peace, and Wilvers filed his motion to be discharged from the order of arrest, "for the reason that the affidavit upon which said order of arrest was issued, was insufficient to justify the arrest of said defendant." Switzer objected to the motion, on the ground that said affidavit had once been judicially passed upon by R. H. Bishop, justice of the peace. The affidavit for the order of arrest was decided by the justice to be insufficient, which was excepted to by Switzer, and leave obtained to file an amended affidavit, which was filed on the 23d day of January, 1880. On the 30th day of January, 1880, the justice decided the amended affidavit to be insufficient, and discharged Wilvers from arrest, to which Switzer excepted.

On February 21, 1880, upon proceedings in error, the district court of Saline county affirmed the decision of the justice, and the case is now here for our consideration. The affidavit for the arrest charged that Wilvers had begun to convert his property, or a part thereof, into money for the purpose of defrauding his creditors, and had property and rights in action which he fraudulently concealed, and had begun to assign, remove and dispose of his property, or a part thereof, with intent to defraud his creditors.

The facts claimed to justify the belief in the fraud charged were, in substance: That Switzer was a physician in attendance on Wilvers' wife. Wilvers was unable to get credit for medicine, and was owing therefor. Switzer assumed the debt, Wilvers selling him a colt as payment, which was left in possession of Wilvers. Wilvers then discharged Switzer, and, falsely pretending that he could sell the colt and would do so, and pay Switzer, obtained leave of Switzer to do so, but did not attempt to sell said colt and pay Switzer, but immediately mortgaged the colt to another party (Dr. J. W. Jenney), giving to Switzer nothing, and refusing to state what the consideration of said mortgage was, but stating that "that was his business."

We perceive no error in the ruling of the court. The affi-

25—24 KAS.

davits show a sale of the colt to Switzer. The latter subsequently authorized Wilvers to sell the animal. Without authority, he executed a chattel mortgage in his own name to another party. The mortgage was worthless and void. Switzer has not parted with his colt, and is entitled to reclaim it of Wilvers, or of the alleged mortgagee. A power to sell does not authorize a mortgage. The facts do not sustain the specific charges of the affidavit; hence, the justice rightfully decided the affidavit insufficient.

If we assume that the plaintiff has ratified the execution of the chattel mortgage by claiming the proceeds, yet, as no allegation is made in the affidavit that the defendant fraudulently contracted the debt, or incurred the obligation for which suit was brought, the affidavit cannot be deemed good upon that theory.

If we construe the evidence as not showing a completed sale to plaintiff, the affidavit is not sufficient, as the plaintiff had no right to direct the disposition of the colt or demand any account of the mortgage to Jenney.

It does not appear by the record that R. H. Bishop, the justice who issued the order of arrest, ever heard any motion in the case to discharge Wilvers; therefore the objection to the action of E. L. Norton, in passing upon the motion as a justice of the peace, is without substance.

The judgment of the district court will be affirmed.

All the Justices concurring.