EDWIN FINCH v. JOSEPH RHODES AND ELIZA RHODES.

*Ejectment—Life estate.*

A widow, whose husband died seized of land, and left neither parents nor children, has a life estate in the land under the Statute of Descents, and is entitled to possession until a superior right is shown; it is not a sufficient reason for disturbing it that there is a possibility that an administrator may be appointed who may be empowered to sell the land to pay creditors of the estate.

Error to Jackson. Submitted June 21. Decided June 27.

EJECTMENT. Defendants appeal. Affirmed.

*A. & C. A. Blair* for appellants.

*Melville McGee* for appellee.

CAMPBELL, J. Finch brought ejectment and recovered below for a life estate in certain lands occupied by defendants,—the term being for the life of Eliza Rhodes,—which she deeded to plaintiff on the 28th of July, 1870, by quitclaim of such rights as she then had.

She was widow of Augustus T. Finch, who died seized in 1856 leaving neither parents nor children, so that she became under the statute entitled to hold for life. This title when she deeded to plaintiff had never been disturbed or altered unless by an administrator's sale made in 1858 and confirmed, at which she was the purchaser, but never obtained a deed because of some supposed invalidity. If this sale was void it could not change her rights, and if it was valid plaintiff has succeeded to her rights of every nature, including this. It is therefore unimportant on this issue.

The defendants however claim that they own debts against the estate, and that hereafter an administrator may be appointed who may be authorized to sell the lands to pay creditors. If that event should happen—which is not

apparently a very certain thing—it will be time enough to deal with it when it occurs. There is no present adverse right, and the persons entitled under the Statute of Descents have a right to retain possession until a superior claim is brought.

The judgment below was correct and must be affirmed with costs, and the case remanded for such further proceedings as may be allowable.

The other Justices concurred.