HARNESS ET AL. *v.* HARNESS ET AL.

PARTITION.—*New Trial as of Right.*—In a proceeding for partition between a widow and the heirs of her deceased husband, where certain lands conveyed by the husband to two of his sons are claimed by the sons to have been gifts, and by the widow and other heirs to have been advancements, on a decision adverse to the claim of the sons, they are not entitled to a new trial as of right.

SAME.—*Evidence.*—*Advancements.*—Where a father, in his lifetime, conveyed lands to two of his sons, and after his death they were claimed by the widow and other heirs to have been conveyed as advancements, a conversation with the father several months subsequent to the making of the conveyances, concerning the alleged advancements, is inadmissible in evidence against the sons. Such conversation is inadmissible unless it occurred before or at the time of the transaction, or so immediately subsequent thereto, as to become a part of the *res gestæ. Woolery* v. *Woolery*, 29 Ind. 249, and *Hamlyn* v. *Nesbit*, 37 Ind. 284, so far as they conflict with this opinion, are overruled.

From the Howard Common Pleas.

*N. R. Linsday, M. Bell,* and *A. S. Bell,* for appellants.

*D. Turpie* and *H. D. Pierce,* for appellees.

BIDDLE, J.—Petition for partition of lands. No question is raised, in error, on the pleadings. The cause was tried by the court, decree of partition made, and land divided by com-

missioners. A motion for a new trial was overruled. Exceptions and appeal taken.

The parties to the controversy are the widow and heirs of Andrew J. Harness, deceased, intestate, who, during his lifetime, purchased and caused to be conveyed to two of his sons, William W. Harness and Lewis H. Harness, each a farm of the value of four thousand dollars. These farms are claimed as gifts by William and Lewis, and charged by the widow and remaining heirs to be advancements.

A new trial was claimed by the appellants as of right, under the statute (2 G. & H. 283, sec. 601), but we think they were not entitled to it.

There was no question of title raised either by the pleadings or evidence, nor can we find by the record that the appellants paid the costs, upon which condition the new trial as of right depended.

A witness, A. J. Forgy, called by the appellees, was asked to state what conversation he had had with the deceased at any time about the advancements in controversy, and, over the objection and exception of the appellants, was allowed to testify to conversations had with deceased several months subsequent to the making of the conveyances to William W. Harness and Lewis H. Harness for the lands in controversy, concerning the alleged advancements. This was erroneous. Such a conversation was inadmissible, unless it occurred before, at the time of, or so immediately subsequent to the transaction as to become a part of the *res gestœ.*

The case of *Woolery* v. *Woolery,* 29 Ind. 249, and of *Hamlyn* v. *Nesbit,* 37 Ind. 284, which follows it, so far as they conflict with this opinion, are overruled. The rulings in those two cases seem to militate against a well settled principle in the law of evidence, and are quite unsupported by authority. Indeed, the current of authority is against them, and we think they ought not to be sustained as to that point. We cannot perceive any good reason why a different rule of evidence should be applied to the rights of a donee who takes by an

advancement, from that applicable to the rights of a vendee who takes by bargain and sale. In neither instance should the statements of the grantor, made after he has conveyed the property, and independent of the transaction, be allowed to affect the rights of the grantee.

For the security of property and the repose of titles, the character of such a conveyance must be held as fixed at the time it is made, and not afterwards subject to the whim or caprice of the grantor. *Duling* v. *Johnson,* 32 Ind. 155 ; *Sidmouth* v. *Sidmouth,* 2 Beav. 447 ; *Parks* v. *Parks,* 19 Md. 323 ; *Cecil* v. *Cecil,* 20 Md. 153.

Judgment reversed; cause remanded, for further proceedings according to this opinion.