IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1878, IN THE
SIXTY-THIRD YEAR OF THE STATE.

———◆———

HARNESS ET AL. *v.* HARNESS ET AL.

PARTITION. — *Advancement.* — *Counter-Claim.* -- *Supplemental Pleading.* —
*Death of Party.*—*Descents.*—In an action for the partition of the lands of
an intestate, brought by his widow and some of his children, against the
other children, wherein the defendants were charged with advancements
in full of their interests in such lands, the defendants filed what they called
a supplemental paragraph " of answer," alleging the death of one of such
co-plaintiffs, without issue, since the commencement of the action, and
asking that that fact be considered in making the partition.
*Held*, on demurrer, that the so-called paragraph of answer was not an an-
swer but a counter-claim, and was sufficient.
SAME.-—*Judgment.*—*Decree.*—A decree of partition in such action, setting off
a portion of the lands to such deceased child, and awarding nothing to
the defendants, where the evidence established the facts alleged in the
counter-claim, was a nullity.

From the Howard Circuit Court.

*N. R. Linsday*, *M. Bell* and *M. McDowell*, for appellants..

*D. Turpie* and *H. D. Pierce*, for appellees.

NIBLACK, J.—This was a suit by Louisa Harness,. Sarah:

J. Harness, Addison A. Harness, Mary E. Harness, Ida M. Harness, Rosa D. Harness, Margaret Harness and Thomas Harness, against Benjamin F. Harness, William W. Harness and Lewis W. Harness, for the partition of certain lands, of which Andrew J. Harness died seized; the said Louisa being the widow, and the other parties being the children, of the deceased.

It was charged in the complaint, that the deceased had, in his lifetime, purchased real estate for his said sons, William and Lewis, of the value of four thousand dollars for each, and had caused the same to be conveyed to them respectively, as an advancement in full of their shares in his estate.

This action was here once before, when the judgment was reversed, and the cause was remanded for further proceedings. See *Harness* v. *Harness*, 49 Ind. 384.

After the cause was remanded, and before the last trial, the defendants William W. Harness and Lewis W. Harness answered jointly, amongst other things, in the form of an alleged supplemental paragraph, that, since the commencement of the suit, the said Ida M. Harness, one of the plaintiffs, had died without issue, by reason of which the said Louisa, her mother, had become entitled to one-half of the said Ida's interest in the real estate in suit, and the other parties in the action had become entitled, as her brothers and sisters, to the other half of her said interest, and asked that the matters set up by them might be taken into consideration in making partition as prayed for by the plaintiffs, and for all other relief.

The plaintiffs demurred to this paragraph of the answer, as it was called, for want of sufficient facts, and the court sustained the demurrer.

Upon the trial, a verdict was returned for the plaintiffs, and that the defendants William W. Harness and Lewis W. Harness had received advancements amounting to four thousand dollars each.

After overruling a motion for a new trial, the court decreed partition of the land described in the complaint, directing one-third in value thereof to be set apart to the widow, and the remaining two-thirds in severalty to the remaining plaintiffs, including the said Ida, and to the defendant Benjamin F. Harness, and excluding the defendants William W. and Lewis W. Harness; also appointing commissioners to make partition in accordance with said decree of partition. These commissioners made partition of the lands accordingly, setting apart a share to each of the parties decreed to be entitled to the same in severalty, including the said Ida, which partition was approved and confirmed by the court.

There seems to be a great deal of confusion in the minds of the profession as regards the difference between an answer in bar and a counter-claim; and in a great many, if not in the greater number, of the cases in which a counter-claim is pleaded, it is styled an answer, or a paragraph of an answer, in utter disregard of the rule of practice, which will not permit a single pleading to perform the double office of an answer and a counter-claim.

But, in determining the character of a pleading, we have to look to the substance of it, rather than to its merely formal parts, or to the name which the pleader has given it.

Judged by this criterion, the pleading filed, as above set forth, by the defendants William W. Harness and Lewis W. Harness, as a paragraph of answer, was, in substance, a counter-claim, and must be so considered by us in passing upon its sufficiency.

A state of facts was averred in the complaint going to show that two of the defendants had no interest in the lands sought to be divided. These defendants set up, in a pleading, that since the commencement of the suit one of the plaintiffs had died, by which each one of them had inherited an interest in such lands, which facts they asked

might be taken into consideration in making the partition prayed for by the plaintiffs.

This, we think, was setting up new matter, arising out of the cause of action, upon which affirmative relief was demanded in such a way as to constitute a valid counterclaim.

In our opinion, therefore, the court erred in sustaining the demurrer to the counter-claim set up by the said William W. Harness and Lewis W. Harness, as above set out.

It was made to appear upon the trial by the evidence, that the said Ida M. Harness, referred to in the counter-claim, had died since the commencement of the suit, and before the trial; but no notice of the change of parties, thus necessarily brought about by her death, was taken, either by an amendment of the complaint, or in the verdict of the jury, or in the decree of partition. The verdict, being in favor of all the plaintiffs, including the said Ida, it was not sustained by sufficient evidence. A new trial ought, for that reason, if for no other, to have been granted.

In consequence of the death of the said Ida, so much of the decree as directed a portion of the lands to be set off to her was a nullity.

Other objections are urged by counsel to the proceedings below, but, as the judgment must, at all events, be reversed for the errors already pointed out, we deem it unnecessary to further extend this opinion.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings.