Harness *et al. v.* Harness *et al.*

No. 8989.

HARNESS ET AL. *v.* HARNESS ET AL.

SUPREME COURT.—*Venire de Novo.*—*Special Verdict.*—*Harmless Error.*— Where a special verdict is defective, in that it fails to find all the facts necessary to cover the issues, and yet the court below renders such a judgment as would be proper only if the facts not found had been found as the appellant has averred them to be, in his pleadings, he can not complain in the Supreme Court that a *venire de novo* was refused, the error being, in the end, harmless as to him.

From the Howard Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman,* for appellants.

*N. R. Lindsay, M. Bell* and *W. C. Purdam,* for appellees.

NIBLACK, J.—Suit by Louisa Harness, Sarah J. Harness, Addison A. Harness, Mary E. Harness, Ida M. Harness, Rosa D. Harness, Margaret Harness, and Thomas Harness, against Benjamin F. Harness, William W. Harness and Lewis W. Harness, for the partition of several tracts of lands, of which Andrew J. Harness, an intestate, died seized. The said Louisa was the widow, and all the other parties were the children of the decedent. .

This cause has heretofore been twice before this court. *Harness* v. *Harness,* 49 Ind. 384; *Harness* v. *Harness,* 63 Ind. 1. As there was some amendment in the pleadings after the cause was remanded the last time, we find it necessary to make a brief statement as to the pleadings and issues upon which the last trial was based.

The complaint, amongst other things, charged that the decedent had, in his lifetime, purchased real estate for his sons William and Lewis, of the value of four thousand dollars for each, and had caused such real estate to be conveyed to them respectively, as advancements in full of their shares of his estate. A supplemental complaint was filed alleging that, since the first trial of the cause, Ida M. Harness, one of the plaintiffs, had died unmarried, intestate and without issue, leaving the remaining parties her only heirs at law.

Benjamin F. Harness answered separately, in general denial. The defendants William and Lewis together answered:

1. In general denial.

2. Specially denying that any real estate was conveyed to them or either of them, as an advancement from their father, and averring that the property received by them from him was upon another and different consideration.

3. Averring that the plaintiffs had taken, carried away and converted to their own use timber of various kinds, growing on the lands described in the complaint, of the value of two thousand dollars, which they, said defendants, prayed might be taken into account in making partition of said lands.

The defendants William and Lewis also set up by way of counter-claim, that since the commencement of this suit the said Lewis had purchased and become the owner of all the interest in the lands in the complaint mentioned, which had descended to their co-defendant Benjamin F. Harness.

The plaintiffs replied in denial of the special matters set up as above in defence, and answered the counter-claim, admitting that the said Lewis had purchased the interest of the said Benjamin in the lands, but denying some other things averred in said counter-claim. The cause was tried by a jury and a verdict was returned as follows:

"We, the jury, find for the defendants; that Andrew J. Harness purchased with his own means, and caused to be conveyed to defendants William W. Harness and Lewis W. Harness, each a farm of the value of four thousand dollars; that the same was intended as a gift to them and not as an advancement. We further find that the defendant Lewis W. Harness has purchased and is the owner of the interest of Benjamin F. Harness in said real estate, and that partition be had accordingly."

The plaintiffs thereupon moved the court for a *venire de novo*, upon the alleged grounds that the verdict, returned as above, did not cover all the issues involved in the cause, and

that such verdict was not sufficient to authorize the rendition of a judgment of partition thereon, but their motion was overruled.

The court then decreed that partition be made in substantial accordance with the prayer of the complaint, except that the lands received by the defendants William and Lewis, from their father, were not taken into account as advancements, and portions of the lands ordered to be divided were directed to be set off to them in the same manner as to the other surviving children of the decedent, and partition was made accordingly.

The plaintiffs have appealed and assigned error upon the refusal of the court to grant a *venire de novo.*

The verdict in this case was quite informal and in many respects, at least, technically insufficient as against any of the parties in a condition to complain of it.

The court below might, with propriety, have issued a *venire de novo* instead of rendering judgment on the verdict, but are the appellants in a position to complain of the action of the court in that respect, conceding it to have been somewhat questionable and irregular?

The evidence is not before us, but there is enough in the record to indicate that the principal and, indeed, only real contest at the trial, was whether certain advancements had been made to the appellees William and Lewis, by their father, as charged in the complaint. All the other allegations of the complaint appear to have been practically admitted, either by the pleadings, or at the trial, and the verdict was seemingly framed, and the decree of partition rendered, upon that theory.

The verdict must be considered, what it was doubtless intended to be, a special verdict, and on the subject of the alleged advancements it found specially against the appellants.

As has been said, the decree of partition was in substantial accordance with the prayer of the complaint, except in so far

as the jury had specially found certain facts alleged in it not to have been sustained by the evidence.

In other words, upon all questions as to which it is complained there was either no finding, or a defective finding, the decree was in favor of the appellants.

We are therefore of the opinion that whatever defects there may have been, abstractly considered, in the verdict, such defects were, as to the appellants, cured by the decree of partition and subsequent proceedings under it, and, as no one else has objected, there is no reason for disturbing the judgment.

Other questions are incidentally discussed by counsel, but they are not presented in such a way as to require us to consider them.

The judgment is affirmed, with costs.