TEBBS v. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY ET AL.

[No. 2,464.    Filed May 19, 1898.]

CARRIERS.—*Railroads.*— *Violation of Bill of Lading.*—*Damages.*— *Parties.*—Where a consignor shipped a car load of merchandise with bill of lading containing the clause "with privilege of stopping over at Greensburg and Rushville, Ind.," the consignee thereof may maintain an action against the carrier for failure to stop at such points. *pp. 193-199.*

SAME.—*Rights of Consignee to Goods in Transit.*—The consignee of merchandise has the right to control it in transit. *p. 199.*

SAME.—*Damages for Breach of Condition in Bill of Lading.*—A complaint in an action against a railroad company for a breach of a condition in a bill of lading permitting a car load of bananas to be stopped at intermediate towns in transit, which alleges that plaintiff intended selling the bananas at the towns named in the permit; that they had a market value at such towns; that the bananas were

Tebbs *v.* The Cleveland, etc., R. W. Co. *et al.*

shipped to meet the demands of the market at such towns, but by being taken further became unfit for use and valueless, and that by reason of such breach on the part of defendant, plaintiff lost the value which he would have received if the contract had been performed, states a good cause of action for damages. *pp. 193-200.*

From the Dearborn Circuit Court. *Reversed.*

*G. M. Roberts* and *C. W. Stapp*, for appellant.

*Byron K. Elliott* and *William F. Elliott*, for appellees.

COMSTOCK, J.—The complaint alleges that a bill of lading was issued by the C., C., C. & St. L. Ry Co. to J. Leverone & Co. for one car load of bananas, and that the car was consigned to appellant under the name of Tebbs Bros., at Anderson, Indiana.   The bill of lading contains the following clause, "with privilege of stopping over at Greensburg and Rushville, Ind." The breach of the contract upon which the complaint counts is that the appellee refused to stop the car either at Greensburg or Rushville.   The court below sustained a demurrer to the complaint for want of facts to constitute a cause of action.   This ruling of the court is the error assigned upon appeal.

Omitting formal portions of the complaint, it is as follows:   That on and prior to August 29, 1894, plaintiff was engaged in doing business under the firm name of Tebbs Bros., and selling bananas in the markets to merchants and grocers along the line of defendant's railway in the cities of Greensburg, Rushville and Anderson; and prior to said 29th day of August, 1894, had arranged to sell in the markets in each of said cities in Indiana, and had arranged to procure from the city of Cincinnati, Ohio, a car load of bananas, and ship the same through said cities of Greensburg, Rushville and Anderson, with the privilege of stopping over at each of said places and sell to

customers in such markets, and that on or about said 29th day of August, 1894, he purchased of defendants, J. Leverone & Company, of Cincinnati, Ohio. a car load of bananas for the purpose of making such shipment, which car load of bananas was of the value of $350.00, and of good merchantable and marketable condition and quality, and caused said J. Leverone & Company on said day to ship said car load of bananas so purchased from them, over the defendant's railway, with the privilege of stopping over at said cities of Greensburg and Rushville, to be consigned to plaintiff at said city of Anderson, and said J. Leverone & Co. on said 29th day of August, 1894, for the use and benefit of this plaintiff, shipped said car load of bananas over defendant's railway, and said defendant then entered into a written and printed contract with said J. Leverone & Co. for the use and benefit of this plaintiff, for the shipment of said car load of bananas, a copy of which printed and written contract is made a part of this complaint, filed herewith and marked "exhibit A;" that although said contract was issued in the name of said J. Leverone & Co., the same was issued for the use and benefit of plaintiff, and said defendants, J. Leverone & Co., have no right, title or interest therein, and they are made parties defendants to answer as to any such right, title or interest, if any they claim; that defendant took possession of said car load of bananas and undertook to ship the same as provided, and did carry the same through said Greensburg and Rushville, and this plaintiff, before or while said car load of bananas was at Greensburg, Indiana, and immediately before its arrival there, notified and demanded the defendant to stop and side track said car load of bananas at said city of Greensburg, and said defendant, without plaintiff's consent, and against his will, failed and refused to allow said car load of ba-

nanas to be stopped or side tracked at the said city of
Greensburg, and caused the same to be carried on to
the said city of Anderson, without any stop over, and
without allowing plaintiff to take bananas therefrom;
that before or at the time said car load of bananas
reached said city of Rushville, plaintiff notified and
demanded appellant to stop and side track said car
load of bananas at said city of Rushville, and that said
defendant, without plaintiff's consent, and against his
will, failed and refused to allow said car load of ba-
nanas to be stopped or side tracked at said last men-
tioned place, without allowing plaintiff to take ba-
nanas therefrom, and carried them on through to the
place of their final consignment, and there delivered
them to this plaintiff; that the stop over privilege ex-
pressed in said contract was by the parties and cus-
tom of common carriers agreed and understood to be
for the purpose of allowing a portion of the contents
of said cars to be unloaded; that said contract for
shipment was entered into for a valuable considera-
tion moving to the said defendant; that this plaintiff
and the said firm of J. Leverone & Co. in whose name
said contract was made for this plaintiff, have each
performed the stipulations and conditions of said
contract on their parts required to be performed; that
the defendant has violated and broken said contract
in failing and refusing to stop over and side track said
car load of bananas at said cities of Greensburg and
Rushville; that at the time said car load of bananas
was shipped from said city of Cincinnati, there were
therein 700 bunches, in sound condition, not decayed,
of good merchantable quality, and then and at the
time the said car arrived at said city of Greensburg,
were of the value of fifty cents per bunch, that being
the market value per bunch at said city of Greensburg
of the kind of bananas that were in said car when it

arrived at said city of Greensburg; that said city of
Greensburg is a city having 4,000 inhabitants, and at
said time the banana market of said city was poorly
supplied, and there was a great demand for bananas
at said market price, and had said car been stopped at
that place plaintiff could and would have sold in the
market at that place more than 250 bunches of said
bananas at and for the price of fifty cents per bunch,
and could and would have sold the ripest portion of
said car load of bananas which were then in good mar-
ketable condition; that said city of Rushville was then
a city of more than 5,000 inhabitants, and at the time
said car arrived at said city there was a good market
and a great demand for bananas at said city, and the
market price there for bananas, such as were more
than one-third of the said car load when it arrived
there, was sixty cents per bunch, and had said car
been stopped over at said city of Rushville, plaintiff
could and would have sold in the market of said city
more than 200 bunches of bananas from said car load
at the price of sixty cents per bunch, which was then
the market price at said city of said bananas and
the value thereof, and the plaintiff could and would
have sold the ripest portion then remaining in said
car, and which portion was at least one-third of
the whole amount in said car, and which portion
was then of good merchantable quality; that when
said car arrived at said city of Anderson, and
continuously thereafter, there was a poor mar-
ket at that point for said bananas; that the
market at said point had been supplied; that he
was unable to sell any of said bananas there, with-
out great sacrifice and was wholly unable to dispose
of but a small portion of said car load; that the nature
of the banana trade and the character of bananas is
such that it is a fact that unless bananas when ready

for the market are speedily sold they will in a very short time decay and become unfit for use; that while more than 250 bunches of said bananas in said car were of good merchantable quality when the same arrived at the said city of Greensburg, and while said number of bunches from said car could and would have been sold in the market there at the price aforesaid, and were upon their arrival of good merchantable quality and of the value of $150.00, yet the plaintiff says that by reason of said car not being stopped at said point and because of the delay from the time it arrived at said city of Greensburg until it arrived at said city of Anderson, said portion that could and would have been sold at said city of Greensburg became spoiled, decayed and unfit for use, and wholly valueless, and there was no market therefor in said city of Anderson; that while more than 200 bunches of said bananas in said car were of good merchantable quality when the same arrived at said city of Rushville, and while said number of bunches from said car could and would have been sold in the market there at the market price aforesaid, and were upon their arrival there of good merchantable quality and of the value of $150.00, yet the plaintiff says that by reason of said car not being stopped at said point and because of the delay from the time it arrived at said city of Rushville until it arrived at said city of Anderson said portion that could and would have been sold at said city of Rushville became spoiled, decayed and unfit for use and wholly valueless, and there was no market therefor in said city of Anderson; that when said car load of bananas arrived at said city of Greensburg 250 bunches thereof were of the value of $125.00, and by reason of said car not being stopped over at said city, when the car arrived at said city of Anderson said bunches were wholly valueless. That when

said car arrived at said city of Rushville 200 bunches thereof were of the value of $120.00, and by reason of said car not being stopped over at said city of Rushville when said car arrived at said city of Anderson said bunches were wholly valueless; that when said car load of bananas reached said city of Anderson, the whole thereof was of the value not to exceed $10.00; that by reason of the violation of said contract plaintiff has been damaged in the sum of $300.00.

The learned counsel for appellee contend that the trial court committed no error, for the following reasons:

(1) "The contract did not give the appellant the privilege of stopping the car at Greensburg or Rushville, but, on the contrary, conferred that privilege upon Leverone & Co., and Leverone & Co. were the only parties who could exercise the privilege, so that a request to stop from any one else was ineffective. (2) The contract embodied in the bill of lading confers a privilege, and in order to make the carrier liable for a denial of the privilege, it was necessary to aver and prove that there was a reasonable request to stop, and that it was preferred by the proper parties to the proper agents or employes of the carrier. (3) There are no facts pleaded from which it can be adjudged, as matter of law, that there was a duty to stop the car either at Greensburg or Rushville. (4) There are no facts averred from which it can be adjudged, as matter of law, that there was a reasonable request to stop at either of the places embraced in the clause of the bill of lading granting the privilege of stopping the car before it reached its destination. (5) There are no facts pleaded giving the plaintiff any right to damages demanded, for the damages demanded are purely speculative and conjectural.

As to the first reason. The goods were received by

the carrier at Cincinnati, Ohio.   Appellant was the purchaser and was at the time of shipment the owner. The contract was made for the benefit of appellant. Appellant was the consignee as Tebbs Brothers, and had the right to control them in transit.   The consignee is the presumptive owner of the thing consigned.   When the carrier is not advised that any different relation exists, he is bound so to treat the consignee.   *Sweet* v. *Barney*, 23 N. Y. 335; *London, etc., R. W. Co.* v. *Bartlett*, 7 H. & N. 400; *Madison, etc., R. R. Co.* v. *Whitesel*, 11 Ind. 55; *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18; 5 Am. and Eng. Ency. of Law (2nd ed.) p. 215.   The complaint avers that the appellee was the owner at the time of the shipment and the presumption would be that the stop over privilege was for his benefit.

The second, third, and fourth reasons go to the reasonableness of the request to stop.   Counsel insist that it was not made in time; was not sufficiently definite, and that it required appellee to side track the car.   This court cannot say that it was not made in time, nor that it was not sufficiently definite, nor that a request to side track the car was unreasonable.   No limitation was made in the contract as to the time for which the car should be stopped, and defendant refused to make any stop.   If the request was not timely, it would be a proper matter of defense.

If, as stated in the fifth reason, the damages claimed were purely speculative and conjectural, the demurrer was properly sustained.   The complaint alleges that there was a good market for the bananas at both of the places named; that they had a market value which is stated; that the bananas were shipped to meet the demands of the market at these places, but by being taken further became unfit for use and valueless; that by reason of the breach of the contract in question

appellant lost the value which he would have received if the contract had been performed. The law presumes that the market value of a commodity can be obtained; a market price is not speculative nor conjectural.

We are of the opinion that the complaint states a good cause of action. It avers the making of a contract for a valuable consideration; that appellee refused to perform its part of the contract; that it was fully performed on the part of the consignor and consignee, and that by reason of the breach appellant suffered damage. The judgment is reversed, with instructions to the court below to overrule the demurrer to the complaint.