NADING *v.* HOWE ET AL.

[No. 2,999.    Filed January 12, 1900.]

PRINCIPAL AND AGENT.—*Refusal of Agent to Deliver Property Pur-
chased.—Conversion.—Measure of Damages.*—Wheat purchased by
an agent for his principal is the property of the principal, and a re-

fusal of the agent to deliver to his principal wheat so purchased amounts to conversion by the agent, and the principal may in an action for damages recover a sum equal to the profit he might have made by a subsequent sale thereof.   *pp. 691-694.*

PRINCIPAL AND AGENT.—*Refusal of Agent to Deliver Wheat Purchased for Principal. — Conversion. — Tender.*—Where, under an ·agreement between an agent and his principal, the agent was to purchase wheat for the principal, the latter to furnish money for that purpose whenever called upon to do so, but the agent failed to call for the money, and refused to deliver to the principal the wheat purchased, the principal in an action against the agent for the profits need not show a tender of the purchase price of the wheat so bought.   *p. 694.*

CONVERSION.— *Complaint.— Profits.* — In an action by a principal against his agents for the conversion of wheat purchased by the latter as such agents, an allegation in the complaint that the plaintiff, as was well known by defendants, was buying and selling wheat for profit in various specified markets, and that immediately after the purchase of the wheat by defendants the market price in such markets advanced twenty cents per bushel above the price defendants paid, which amount was over and above the expenses of taking the same to such markets, and that he would have sold the same in such markets if delivery had not been refused, sufficiently showed that the amount of the profits lost by reason of the conversion was twenty cents per bushel.   *pp. 691-694.*

From the Bartholomew Circuit Court.   *Reversed.*

*Marshall, Hacker, Ralph H. Spaugh* and *John Rynerson,* for appellant.

*W. W. Lambert,* for appellees.

BLACK, J.—In the complaint of the appellant against the appellees, which upon demurrer was held to be insufficient, it was shown that, on the 20th of July, 1897, in consideration that the appellant, at the request of the appellees, had retained and employed the latter as the agents of the former to buy wheat for him at Hartsville Crossing, Bartholomew · county, Indiana, until such agency should be discontinued in some proper and legal way, and of two and one-half cents on the bushel to be paid by the appellant to the appellees, as and for their commission for such purchase, the appellees then promised the appellant to act as his agents, and to buy wheat for him at said town and vicinity, and to deliver it

to him; that it was agreed by and between the parties that the appellant should furnish the appellees money with which to pay for the wheat so bought, whenever the appellees should request the same of him; that, pursuant to said contract, the appellees thereupon entered upon their duties as such agents, and between the 25th of July and the 17th of August, 1897, they bought a large quantity of wheat for the appellant, to wit, 5,000 bushels, at seventy cents a bushel; that the appellees delivered to the appellant of said amount so bought 3,000 bushels, and refused and still refuse to deliver to him the residue of the wheat so bought by them; that immediately after the time said wheat was bought, which the appellees refused to deliver to the appellant, the market price of wheat at Hartsville Crossing and vicinity greatly advanced, from seventy cents a bushel to ninety cents a bushel, and had greatly advanced in all other wheat markets; and the appellees held said wheat as their own, to obtain the advantage and profit to themselves of said advance in the market price of wheat; and the appellant did not know that the appellees would not deliver said wheat to him until after said advance in price; that appellant resided at Hope, in said county, at the time said contract was entered into and during the existence of said contract, and was buying and selling wheat for profit during all said time, and was before said time, and had been since, which the appellees well knew; that when said contract was entered into, and during its existence, the appellant was buying and selling wheat for profit in the markets of the cities of Indianapolis, Lawrenceburg, Louisville, Chicago, Milwaukee, Detroit, Minneapolis, St. Paul, Buffalo, and New York, at the market price in said markets, which the appellees well knew; that there was a good market for wheat in said cities, and wheat could always be sold at the market price, and said wheat which the appellees bought for the appellant under said contract was to be sold by him in said markets at the market price therein as soon as it was delivered to him by them,

as they well knew; that the market price of wheat in said markets, after they bought said wheat and when they refused to deliver it to him, was twenty cents higher than the market price of wheat at Hartsville Crossing and vicinity when said wheat was bought, and the appellant's profit on said wheat was the difference between the market price in said markets and the market price at Hartsville Crossing and vicinity when said wheat was bought; that said wheat was worth in the markets where the appellant was selling his wheat, and where he intended to sell and would have sold said wheat, after the appellees bought said wheat, and when they refused to deliver it, the price of ninety cents per bushel, over and above the cost of carriage and all other expenses; that on the 17th of August, 1897, the appellees, still holding said wheat and refusing to deliver it to the appellant, notified him that they would no longer act as his agents; that the appellant had duly performed all the conditions of said contract on his part to be performed; that on the 4th of February, 1898, the appellant tendered to the appellees the purchase money of said wheat and their commission on the same, and demanded the delivery of said wheat, but they refused to deliver it, and still refuse; that at said time the market price of wheat in said markets in which the appellant was selling wheat, and intended to sell and would have sold said wheat, was ninety cents a bushel, over and above the cost of carriage and all other expenses. The appellant laid his damages at the sum of $500, for which he demanded judgment.

When the wheat had been purchased by the appellees, as the agents of the appellant, it was his property, and he was entitled to make such profit thereon as might be made by sale thereof. *National Bank* v. *Seward*, 106 Ind. 264.

It appears, in substance and effect, from the complaint, that the agents immediately after purchasing the wheat refused to deliver it to the principal, and held it as their own, for the purpose of making for themselves the profit

which the principal was entitled to make, and, while still . holding the wheat and refusing to deliver it, they notified the principal that they would no longer act as his agents.

Ordinarily, where the property of one is held by his agent, as such, a demand of possession and refusal must he shown to put the agent in the wrong, but demand and refusal, which constitute evidence of conversion, need not be shown where conversion may be otherwise proved. *Terrell* v. *Butterfield*, 92 Ind. 1.

To show a conversion of goods, it is not necessary that it be made to appear that the defendant has sold the goods, or that he has in any manner disposed of them, so that they are no longer in his possession. The exercise by one of dominion over the goods of another to the exclusion of the latter, in defiance of his rights, constitutes a conversion. *Gordon* v. *Stockdale*, 89 Ind. 240.

In the averment of tender in the complaint, it is not alleged that the appellant tendered interest from the time of the purchase of the wheat to the date of tender; but it was not necessary to make a tender of any amount. The agreement was that the appellant would furnish money to pay for the wheat bought whenever the appellees should request it of him. The action was not for the recovery of the wheat, or of its value, but the pleading went upon the theory that the appellees were to retain the wheat, but were liable to the appellant for the profit which he had lost by their conversion of the property to their own use, in violation of their obligation under the contract of agency. The amount of this profit, and therefore the measure of damages, the appellant showed sufficiently by the averments relating to the purchase price and the increase in the market price. As was said, per Comstock, J., in *Tebbs* v. *Cleveland, etc., R. Co.*, 20 Ind. App. 192, 200 : "The law presumes that the market value of a commodity can be obtained; a market price is not speculative nor conjectural."

The judgment is reversed, with instruction to overrule the demurrer to the complaint.