## DREBING ET AL. *v.* ZAHRT ET AL.

[No. 7,896.    Filed February 6, 1914.]

1. PLEADING.— *Answer.*— *Counterclaim.*—*Demurrer.*—In an action to quiet title, a pleading, designated as an answer, which stated facts showing that defendants were the owners of the equitable title to the real estate in controversy, and asked for affirmative relief, was in fact a counterclaim and its sufficiency could be

properly challenged only by demurrer for want of facts sufficient to constitute a cause of action. p. 494.

2. PLEADING.—*Determining Sufficiency.*—In determining the sufficiency of a pleading, the substance, rather than the form or the name that has been given to it by the pleader, is the controlling factor. p. 494.

3. APPEAL.— *Review.*— *Rulings on Defective Demurrers.*— Where the demurrer to an insufficient pleading is defective in form, the overruling of same will be justified on appeal on the ground that the trial court regarded such demurrer so defective as to present no question; but if such a demurrer has been sustained without objection as to its form or substance, it will be regarded on appeal as sufficient to present the question of the sufficiency of the pleading, on the theory that it was so treated in the trial court. p. 495.

4. QUIETING TITLE.— *Counterclaim.*— *Sufficiency.*— In an action to quiet title, a counterclaim alleging that the real estate had been conveyed to plaintiff's grantor by the father of defendants with an agreement for a reconveyance upon the payment of certain indebtedness to plaintiffs' grantor, that long after such conveyance plaintiffs' grantor and the father of defendants disagreed as to the state of their accounts and that no complete settlement was ever had, that after such disagreement, but long before the conveyance to plaintiffs, such agreement for reconveyance was placed of record, and that plaintiffs purchased with full knowledge of the facts, and praying that the deed be declared a mortgage and for a reconveyance to defendants, the sole heirs of their father, on payment by them of the amount due, was sufficient to withstand a demurrer. pp. 495, 497.

5. MORTGAGES.—*Deeds as Security.*—*Redemption from Purchaser.* —Redemption from a deed absolute in form, but given merely as security for a debt, may be made by the heirs of the grantor against persons buying from the grantee with knowledge of the facts. p. 497.

6. LIMITATION OF ACTIONS.—*Pleading.*—*Demurrer.*—The statute of limitations is an affirmative defense and cannot be raised by demurrer unless the pleading affirmatively shows on its face that sufficient time has elapsed to operate as a bar and that the case is not within any exception preventing the running of the statute. p. 497.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by Henry A. Zahrt and others against Olive Drebing and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*M. R. Sutherland* and *R. N. Smith,* for appellants.
*Fred R. Liddell,* for appellees.

LAIRY, C. J.—Appellees instituted this suit to quiet their title to certain real estate described in the complaint. The adult defendants filed a joint answer in general denial and also a pleading designated as a second paragraph of answer and the guardian *ad litem* filed similar answers on behalf of the infant defendants. The appellees demurred to the second paragraph of answer filed by the guardian *ad litem* and also to the second paragraph of answer filed by the adult defendants. Both of these demurrers were sustained. The cause was tried by the court upon the issues tendered by the complaint and closed by the general denial, and the finding and judgment were in favor of appellees, quieting their title as prayed.

The first error assigned and relied on for reversal is that the trial court erred in sustaining the demurrer to the second paragraph of answer. This pleading though

1. designated by the pleader as a second paragraph of answer states facts which show that the defendants are the owners of the equitable title to the real estate

2. in controversy and asks for affirmative relief. In determining the sufficiency of a pleading, the court will be controlled by its substance rather than by its formal parts or by the name which has been given it by the pleader. Judged by this criterion, the second paragraph of answer filed by the guardian *ad litem* and the one filed by the adult defendants are in substance counterclaims, and they must be so considered in passing on their sufficiency. *Harness* v. *Harness* (1878), 63 Ind. 1; *Gilpin* v. *Wilson* (1876), 53 Ind. 443. As the substance of these pleadings shows them to be counterclaims instead of answers, their sufficiency should have been challenged by demurrers on the ground that they did not state facts sufficient to constitute a cause of action, rather than on the ground that they did not state facts

sufficient to constitute a cause of defense, as was done in this case. If a demurrer, defective in form, is addressed to a pleading which is insufficient and is overruled by the trial court, the ruling, when considered on appeal, can be justified on the ground that the trial court regarded the demurrer so defective in form as to present no question; but where a demurrer to a pleading is sustained, and where no objection as to the form or substance of the demurrer was presented to the trial court, it becomes apparent that the court and the parties treated it as sufficient in form and substance to present the question of the sufficiency of such pleading, and it will be so treated on appeal. *Terre Haute, etc., R. Co.* v. *Pierce* (1884), 95 Ind. 496; *Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518, 43 N. E. 655; *Fall* v. *Hazelrigg* (1874), 45 Ind. 576, 15 Am. Rep. 278.

The substance of each of these paragraphs of counterclaim is as follows: in the year 1878, Gustavus Drebing was the owner of the real estate described in the complaint, and that on that date he was indebted to Henry Drebing in the sum of $3,790 and to secure such indebtedness, he executed and delivered to him a warranty deed to the real estate described, upon the understanding and agreement that whenever the indebtedness was paid the real estate should be reconveyed to Gustavus Drebing. As evidence of the agreement to reconvey, the parties to such deed on the date of its execution, signed the following memorandum of agreement.

"Memorandum of agreement made this 30th day of May, 1878, by and between Henry Drebing and Gustavus Drebing, both of Laporte, witnesseth: That Henry Drebing hereby agrees to sell and reconvey to Gustavus Drebing, the twenty foot and eighteen inch of the middle part of lot 128 O. S. Laporte, Indiana, this day conveyed by warranty deed by the said Gustavus Drebing to the said Henry Drebing. This sale and reconveyance to be made at any time when the said Gustavus Drebing shall pay to said Henry Drebing the amount of

certain notes and obligations held by the said Henry Drebing vs Gustavus Drebing, and upon the payment of whatsoever mortgages there are now upon said premises and which the said Henry Drebing has assumed and agreed to pay. Witness our hands and seals this 30th day of June, 1878. Signed, Henry Drebing, Gustavus Drebing.''

These pleadings further state in substance that Henry Drebing took possession of said real estate under such deed and written agreement to reconvey and that it was further agreed at that time that he was to collect the rents, and, after paying the expenses incident to renting the buildings and keeping the same in repair, he was to turn over the net proceeds to Gustavus; that this arrangement was carried out until 1884, at which time a dispute arose between them as to the amount each owed the other, and Henry refused to account for the rent and Gustavus refused to pay further interest; that the parties were never afterward able to agree on an accounting and the matter was left open and unsettled; that on September 15, 1887, the written memorandum to reconvey was placed of record; that on August 28, 1890, Henry Drebing conveyed said real estate to the plaintiffs by warranty deed and that, at the time of such conveyance, the plaintiffs had full knowledge of the nature of the deed from Gustavus Drebing to Henry Drebing and of the nature of the transaction and agreements made in connection therewith and that they purchased said premises with full knowledge and notice thereof; that plaintiffs took possession of said real estate under such deed and ever since have collected the rents and profits of the same for which they have never accounted; that Gustavus Drebing is dead and that the defendants who file these counterclaims are his sole and only heirs. The defendants by their several counterclaims pray that an accounting be taken by the court of the matters between Gustavus and Henry Drebing and that the amount due from the defendants be ascertained; that the deed from Gustavus to Henry Drebing be

declared a mortgage and that upon payment by the defendants of the amount due, that a reconveyance be decreed, or that their title be quieted. These pleadings clearly show that the deed which was executed by Gustavus Drebing to Henry Drebing was intended to convey the legal title as security for a debt, and that the equity of redemption remained in Gustavus Drebing. If appellees took a conveyance of such real estate from Henry Drebing with full knowledge of these facts as averred in the counterclaims, their title would be no better than that of their grantor, and the heirs of Gustavus Drebing may assert as against them their right to redeem, under the same terms and conditions as Gustavus Drebing might have asserted such right against Henry Drebing.

We are not able to determine from the brief of appellees the grounds upon which the demurrers were sustained to these paragraphs of counterclaim. It is suggested that the ruling may have been based upon the ground that the pleadings show upon their face that the statute of limitations had run as against appellees' right to redeem. The statute of limitations is an affirmative defense which must be pleaded. It cannot be raised by a demurrer to a pleading unless such pleading discloses the defense. It has been held that the defense of a statute of limitations is not disclosed upon the face of a pleading unless such pleading shows affirmatively not only that sufficient time has elapsed to operate as a bar before the pleading was filed, but also shows that the case does not fall within any exception which could have prevented the running of the statute. *Swatts* v. *Bowen* (1895), 141 Ind. 322, 40 N. E. 1057; *Thornburg* v. *Buck* (1895), 13 Ind. App. 446, 41 N. E. 85. The ruling of the court in sustaining demurrers to these pleadings cannot be sustained on this ground. In other respects the pleadings seem to be sufficient and the demurrers were improperly sustained.

Appellants by their brief, present the further question that the decision of the court is not sustained by the evidence, while appellees assert that this question is not before the court for the reason that the evidence is not properly in the record. We do not find it necessary to pass upon either of the questions thus presented. The judgment must be reversed for the error already pointed out and, as the issues will be different on another trial, the evidence cannot be expected to be the same. For this reason, a discussion of the sufficiency of the evidence in this case could be of little value at another trial.

The judgment of the trial court is reversed with direction to overrule the demurrers filed by plaintiffs to the second paragraph of answer of the guardian *ad litem* and also to the second paragraph of answer of the adult defendants, and for further proceedings not inconsistent with this opinion.

Note.—Reported in 104 N. E. 46. As to what is an equitable mortgage, see 4 Am. St. 696. See, also, under (1) 31 Cyc. 320; (2) 31 Cyc. 46, 225, 226; (3) 3 Cyc. 291; (4) 32 Cyc. 1361; (5) 27 Cyc. 1032; (6) 25 Cyc. 1401.