CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY *v.* PARTLOW.

[No. 9,813.    Filed June 24, 1919.]

1.  APPEAL.—*Review.—Ruling on Motion to Strike Out.*—The court
on appeal will sustain the ruling of the trial court in refusing to
strike out defendant's so-called set-off, if the pleading is a proper
one as a counterclaim, regardless of the fact that the pleader
termed it a set-off.  p. 619.
2.  SET-OFF AND COUNTERCLAIM.—*Counterclaim.—Right to Plead.—
Action for Demurrage.*—In view of §353 Burns 1914, §348 R. S.
1881, defining a set-off, and §355 Burns 1914, §350 R. S. 1881,
declaring a counterclaim to be any matter arising out of, or con-
nected with, the cause of action which might be the subject of an
action in favor of the defendant, or which would tend to reduce
plaintiff's claim, and §356 Burns 1914, §351 R. S. 1881, providing
that if any defendant omit to set up a counterclaim arising out
of the contract or transaction involved, he cannot afterwards
maintain an action therefor, except at his own costs, a claim
for damages by the consignee of coal cars for failure of a rail-
road company to transport them at the speed required by §5205
Burns 1914, Acts 1907 p. 434, though termed a set-off by the

pleader, was in fact a counterclaim which could properly be set up by the consignee in an action against him by the company for demurrage charges, where the cars named in such claim were among those on which demurrage was claimed, so that the respective claims of the parties arose out of the same transaction. p. 619.

3. PLEADING.—*Demurrer to Set-Off or Counterclaim.—Form.—Sufficiency.*—A demurrer to a set-off or counterclaim for insufficient facts should be in the same form as a demurrer to a complaint, which, under §344 Burns 1914, Acts 1911 p. 415, is that the pleading does not state facts sufficient to constitute a cause of action, so that a demurrer on the ground "that said set-off does not state facts sufficient to constitute a cause of action by way of set-off," is insufficient to challenge a pleading which, though termed a set-off by the pleader, set up a cause of action as a counterclaim. p. 622.

4. PLEADING.—*Determining Sufficiency.*—In determining the sufficiency of a pleading, the court will be controlled by its substance, rather than by its formal parts, or by the name given it by the pleader. p. 622.

5. CARRIERS.—*Carriage of Goods.—Consignees.—Reconsignment.—Damages for Delay in Transporting.—Right to Sue.—Statute.*—A consignee of goods may reconsign the same in transit, and where a carrier acceded to the written request of the orginal consignee to reconsign and forward a shipment of coal to another, the latter must be deemed the consignee and entitled to recover whatever may have accrued, while he was the consignee, for the carrier's failure to transport the coal at the speed required by §5205 Burns 1914, Acts 1907 p. 434. pp. 622, 623.

6. CARRIERS.—*Carriage of Goods.—Title.—Presumption.*—In the absence of evidence to the contrary, it will be presumed that the title to a shipment of goods is in the consignee. p. 623.

7. APPEAL.—*Review. — Findings. — Conclusiveness.* — A finding by the trial court is conclusive on appeal where there is evidence to support it. p. 624.

From Marion Superior Court (102,764); *W. W. Thornton,* Judge.

Action by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company against John L. Partlow, doing business as the J. L. Partlow Coal Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Frank L. Littleton, Charles P. Stewart* and *Forrest Chenowith,* for appellant.

*Born, Ritchey & Cronk,* for appellee.

BATMAN, C. J.—Appellant filed a complaint before a justice of the peace to recover of appellee the sum of $77 on account of demurrage charges arising out of the alleged detention and use of thirty-two cars delivered to appellee on its private sidetrack at Indianapolis, Indiana, beyond the free time allowed consignees, by rules on file with the Public Service Commission of Indiana for loading and unloading cars. An exhibit accompanied this complaint as a part thereof, which gave the initials and numbers of the cars in question, with the dates of their delivery to appellee, and the dates of their release by him. Before such justice of the peace appellee filed an answer in general denial and what he termed a set-off. In the latter he alleged in substance, among other things, that he had purchased large quantities of coal in carload lots in Indiana, which had been delivered to appellant at Terre Haute for the purpose of being transported to him at Indianapolis, a distance of seventy-two miles; that nine of said cars, while in the possession of appellant, were withheld by it in transportation for an unreasonable length of time; that by §5205 Burns 1914, Acts 1907 p. 434, appellant was required to transport said cars of coal at a rate of speed equal to fifty miles each twenty-four hours, with an additional twenty-four hours at point of origin and junction points to perform necessary switching; that said cars ordered by, and shipped to, appellee were not shipped at the rate of speed required by said statute; that appellee was the owner of the coal contained in said cars, and was the consignee thereof. An exhibit

accompanied the alleged set-off as a part thereof, which gave the initials and numbers of the cars, the dates of shipment, and the dates of their delivery at Indianapolis. After the justice of the peace had sustained a demurrer to the alleged set-off, he heard the evidence and rendered a judgment in favor of appellant for $77 and costs. From this judgment appellee appealed to the Marion Superior Court, where appellant filed a motion to strike out the alleged set-off of appellee, which was overruled. Appellant's demurrer thereto sustained by the justice of the peace was then overruled. The cause was afterwards submitted to the court for trial, which resulted in a judgment in favor of appellee for $33 and costs. Appellant filed a motion for a new trial, which was overruled, and now prosecutes this appeal.

Appellant contends that the court erred in overruling its motion to strike out appellee's alleged set-off. It bases this contention on the ground that 1. a set-off "must consist of matters arising out of debt, duty, or contract," as provided in §353 Burns 1914, §348 R. S. 1881, and that any liability which may have accrued to appellee under §5205, *supra,* did not arise out of any such obligation. It is our duty to sustain the ruling of the trial court, if the pleading in question is a proper one, regardless of what the pleader may have called it. *Mills* v. *Rosenbaum* (1885), 103 Ind. 152, 2 N. E. 313. The 2. statute defines a counterclaim to be "any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim * * * for damages." §355 Burns 1914, §350 R. S. 1881. It is also provided that:

"If any defendant personally served with notice omit to set up a counterclaim arising out of the contract, or transaction set forth in the complaint as the ground of the plaintiff's claims, or any of them, he cannot afterward maintain an action against the plaintiff therefor, except at his own costs." §356 Burns 1914, §351 R. S. 1881. It has been held that these two sections should be construed together in determining what matters may be pleaded by way of counterclaim, and that the word "transaction" should be construed as meaning something different from, and additional to, the preceding word "contract" to which it is joined by the disjunctive "or"; that a transaction is not confined to what is done in one day or at a single time and place, but the logical relation of the facts involved determines whether they together constitute a single transaction. *Excelsior Clay Works* v. *De-Camp* (1907), 40 Ind. App. 26, 80 N. E. 981. The Supreme Court of this state has said: "A counterclaim is that which might have arisen out of, or could have had some connection with the original transaction, in view of the parties, and which, at the time the contract was made, they could have intended might, in some event, give one party a claim against the other for compliance or noncompliance with its provisions." *Conner* v. *Winton* (1856), 7 Ind. 523. This definition has been quoted with approval in the later cases of *Standley* v. *Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254, and *Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518, 43 N. E. 655. It has also been more recently approved by the Supreme Court of Oregon, in a decision in which the case of *Conner* v. *Winton, supra,* was cited. *Krausse* v. *Greenfield* (1912), 61 Ore. 502, 123 Pac. 392, Ann. Cas. 1914B

115. A comparison of the exhibits filed with the complaint and the pleading under consideration discloses that the nine cars named in the alleged set-off are among the thirty-two cars on which demurrage charges are claimed, and involved the same shipments. It thus becomes apparent that the respective claims of appellant and appellee arise out of the same transactions. It is alleged that appellee was the owner of the coal shipped in said cars and the consignee thereof. The contracts of shipment therefore were made for his benefit, and he thereby became a party to such transactions. 4 R. C. L. 94; *Tebbs* v. *Cleveland, etc., R. Co.* (1898), 20 Ind. App. 192, 50 N. E. 486. It must be assumed that the parties thereto knew of the existence of the rules with reference to demurrage charges, and therefore knew that such charges would accrue, against appellee in favor of appellant, if there was delay in unloading such cars beyond the free time allowed for that purpose. They must be held to have known of the existence of §5205, *supra,* and that a liability might accrue in favor of appellee against appellant in case the shipments were not made at the rate of speed therein provided. Thus the liability which each is claiming against the other clearly arises out of the original transactions, and are such that the parties must have intended, at the time the contracts of shipment were made, might, in some event, give one party a claim against the other by reason of the existence of said rule and statute. *Miller* v. *Mansfield* (1873), 112 Mass. 260. We therefore conclude that the alleged set-off is in fact a counterclaim, and that the court did not err in overruling appellant's motion to strike it out.

Appellant also contends that the court erred in overruling its demurrer to appellee's cross-action.

which was denominated a set-off. We observe
3. that the ground for demurrer as stated therein
is as follows: "That said setoff does not state
facts sufficient to constitute a cause of action *by way
of setoff*." (Our italics.) It has been repeatedly held
that a demurrer to a set-off or counterclaim should be
in the same form as a demurrer to a complaint. *Duffy
v. England* (1911), 176 Ind. 575, 96 N. E. 704. The
statutory form for a demurrer to a complaint for
insufficient facts is that it does not state facts suffi-
cient to constitute a cause of action. §344 Burns 1914,
Acts 1911 p. 415. Appellant in the preparation of
his demurrer was not content to attack the pleading
generally, as not stating facts sufficient to constitute
a cause of action, but expressly limited the same to
the defects therein as a set-off, thereby leaving it un-
challenged as a cross-complaint or a counterclaim.
The fact that appellee designated such pleading as a
set-off cannot affect the situation, as the court,
4. in determining the sufficiency of a pleading,
will be controlled by its substance rather than
by its formal parts, or by the name which has been
given it by the pleader. *Drebing v. Zahrt* (1914), 55
Ind. App. 492, 104 N. E. 46. In view of the fact that
we have held that the pleading under consideration
contains facts sufficient to constitute a cause of action
as a counterclaim, it is unnecessary to give further
consideration to the action of the court in overruling
a demurrer thereto as a set-off.

Appellant contends that the decision of the court
is not sustained by sufficient evidence and is contrary
to law. In support of this contention it as-
5. serts, among other things, that §5205 Burns
1914, *supra,* only gives a right of action for

delay in the shipment of freight to the consignee thereof; that the evidence fails to show that appellee was the consignee of the coal in question, when the alleged delay occurred, and hence one of the essential elements of appellee's right of recovery is absent. An examination of the record discloses evidence which tends to show that the nine cars of coal described in the exhibit filed with appellee's counterclaim were originally consigned to the Power Coal Company at the mines from which they were shipped. There being no evidence to the contrary, the presumption prevails that the title to such coal thereby vested in said consignee. *Pennsylvania Co.* v. *Holderman* (1879), 69 Ind. 18; *Cleveland, etc., R. Co.* v. *Moline Plow Co.* (1895), 13 Ind. App. 225, 41 N. E. 480; *Butler* v. *Pittsburgh, etc., R. Co.* (1897), 18 Ind. App. 656, 46 N. E. 92; *McNeely & Co.* v. *Lake Shore, etc., R. Co.* (1917), 64 Ind. App. 363, 115 N. E. 954. Under these circumstances the Power Coal Company, as such consignee, had the right to reconsign such coal in transit. *Tebbs* v. *Cleveland, etc., R. Co., supra.* The evidence tends to show that, in pursuance of such right, said company, on or before the days on which the cars of coal in question were received by appellant at Terre Haute from its connecting line, made written requests of appellant to reconsign and forward said coal to appellee at Indianapolis, and to show said company as consignor in the billing; that appellant received and accepted such written requests, and, in pursuance thereof, transported said cars of coal from Terre Haute to Indianapolis, and delivered the same to appellee. The effect of such written requests, when accepted by appellant, was to create new contracts of

shipment in which the original consignee became the consignor, and appellee became the consignee. There is evidence which tends to show that this new contract was in effect during the entire time the coal was in transit on appellant's line of road where it is alleged the delay occurred. Hence appellee, as the new consignee of said coal, would be entitled to recover whatever may have accrued under the provisions of §5205, *supra,* by reason of such delay.

It is also contended that the evidence does not show what shipping instructions, if any, were given appellant for the transportation of said coal, or that appellee was named as consignee therein. An examination of the written requests for the reconsignment of said coal, which the evidence tends to show were received, accepted and acted upon by appellant, disclose instructions for its shipment to appellee at Indianapolis, Indiana. Appellant's contention, therefore, is not well taken. It is further contended that the number of hours the coal was in transit is not shown, but we are of the opinion that the evidence furnished sufficient data in that regard to sustain the decision of the court as to the amount found due appellee by reason of the alleged delay in shipment.

Appellant asserts that appellee was not entitled to recover anything on account of the alleged delay in shipment, because any such delay was due 7. to his own fault in failing to pay the freight charges. The trial court found to the contrary, and, as the evidence tends to sustain such finding, we are bound thereby. Appellant finally contends that the court erred in rendering judgment in favor of appellee on the alleged set-off. It bases this contention on grounds which are not applicable

to a cross-action by way of counterclaim, and hence there is no necessity for giving it consideration.

We find no error in the record. Judgment affirmed.

Nichols, P. J., Dausman, McMahan and Remy, JJ., concur. Enloe, J., not participating.