## BOSLER ET AL. *v.* BIRK.

[No. 10,273.    Filed April 21, 1920.]

1. APPEAL.—*Briefs.—Motion for New Trial.—Waiver of Reasons.*—All reasons alleged in support of a motion for new trial, to which is addressed no proposition or point in appellants' brief, are waived.  p. 193.

2. APPEAL.—*Pleading.—Misnomer.*—The mere misnomer of a pleading by the pleader cannot be made the basis of reversible error.  pp. 194, 195.

3. PARTNERSHIP.—*Accounting.—Debt Due Partner Used to Purchase Partnership Property.*—Where, in the purchase of land by a partnership, a debt due one partner was credited on the purchase price, the court, in determining the status of the account between the partners, properly gave such partner credit for the amount of such debt.  p. 195.

From Dubois Circuit Court; *John L. Bretz*, Judge.

Action by Peter Bosler and another against Joseph Birk. From a judgment for defendant upon his cross-action, the plaintiffs appeal. *Affirmed.*

*A. L. Gray* and *R. W. Armstrong*, for appellants.
*Leo H. Fisher*, for appellee.

BATMAN, J.—Appellant Peter Bosler brought this action against appellee to recover a judgment on a promissory note. Appellee filed an answer to the complaint in four paragraphs, consisting of a general denial, a plea of payment, a paragraph alleging want of consideration, and a verified plea denying the execution of the note in suit. During the progress of making the issues appellant Hattie Bosler, wife of her coappellant, by agreement of the parties, was made a party plaintiff.

Appellee, in addition to said several paragraphs of answer, filed a cross-action against appellants in three paragraphs. The first is designated as a special answer by way of set-off, the second as a second paragraph of counterclaim, and the third as an amended second paragraph of set-off and answer. Each of said paragraphs alleges that appellants were indebted to appellee in a large sum on account of certain partnership transactions with reference to certain real estate, and that the note in suit arose out of such transactions. The first paragraph demands an accounting from each of appellants, and for judgment against said Peter Bosler for $2,500. The second and third paragraphs each ask, among other things, that the note in suit be decreed to have been executed without consideration; that an order be entered canceling the same and decreeing it to be null and void; that appellee be decreed to be the owner of an undivided one-half of certain real estate, and that he have judgment against appellants in the sum of $2,000.

To appellee's first paragraph of cross-action, appellant Peter Bosler filed what he termed a reply, consisting of three paragraphs. The first is a general denial. The second is based on the six-year statute of limitations, and the third is a plea of payment. Appellants filed what they designated as a reply to appellee's second paragraph of cross-action. It consists of

four paragraphs. The first is a general denial. The second alleges that appellee is indebted to them by reason of money expended in connection with the real estate mentioned in said cross-action, and asking, among other things, that in certain events their title to the real estate described therein be quieted against appellee, and that they have judgment for costs. The third paragraph is based on the six-year statute of limitations, and the fourth paragraph is a plea of payment. To said third paragraph of cross-action appellants filed a general denial.

The cause was submitted to the court for trial, which resulted in a judgment in favor of appellee against appellants for the sum of $1,000 and against appellant Peter Bosler for the further sum of $148. Appellants filed a motion for a new trial, which was overruled. This action of the trial court constitutes the only error properly assigned on appeal.

Appellants in their motion for a new trial have alleged a number of reasons in support thereof, but the only ones to which they have addressed any

1. proposition or point in their brief are that the decision of the court is not sustained by sufficient evidence and is contrary to law. We will therefore limit our consideration to such reasons, as all others are deemed waived. *Schilling* v. *Quinn* (1912), 178 Ind. 443, 99 N. E. 740; *Boland* v. *Claudel* (1914), 181 Ind. 295, 104 N. E. 577; *Indianapolis Traction, etc., Co.* v. *Gillaspy* (1914), 56 Ind. App. 332, 105 N. E. 242; *Indiana Union Traction Co.* v. *Cauldwell* (1915), 59 Ind. App. 513, 107 N. E. 705.

Appellants base their contention that the decision of the court is not sustained by sufficient evidence on three grounds, as follows: (1) There is no evidence in the record on the subject of appellee signing the

note in suit, and hence the court erred in canceling the same; (2) the court found for appellee on his cross-complaint, and, as there is no cross-complaint in the record, such finding is erroneous; (3) the court erred in rendering a judgment for appellee, and in charging appellants with $1,700 expended by appellee prior to any partnership. As to said first ground, it suffices to say that no reason occurs to us why the court might not enter a judgment canceling the note in suit, without evidence on the subject stated by appellants, but, if such evidence was necessary in order to render such a judgment proper, appellant's contention could not be sustained, as the record contains ample evidence in that regard.

Respecting the second ground on which appellants base their contention that the decision of the court is not sustained by sufficient evidence, it will be noted that issues were joined on three separate paragraphs of cross-action filed by appellee, and submitted to the court for trial. True, appellee did not designate the same as a cross-complaint, as the court did in its finding, but this mere difference in name is of minor consequence in the light of the evident facts. It appears that such cross-action was a proper one, and, since it is obvious that the court found in favor of appellee on the issues tendered thereby, it is our duty to sustain the decision of the court thereon, regardless of the name by which it may have been designated. *Cleveland, etc., R. Co.* v. *Partlow* (1919), 70 Ind. App. 616, 123 N. E. 838; *Newton, Admr.,* v. *Pence* (1894), 10 Ind. App. 672, 38 N. E. 484; *Heaton* v. *Lynch* (1894), 11 Ind. App. 408, 38 N. E. 224; *Hedges* v. *Mehring* (1917), 65 Ind. App. 586, 115 N. E. 433. We conclude that appellants' said second ground is not well taken.

As to the third ground on which appellants' base

their contention that the decision of the court is not sustained by sufficient evidence, it suffices to say that there is evidence tending to show that the $1,700, which appellants claim was expended by appellee prior to the partnership, and improperly charged against them, was an item of indebtedness due appellee from the owner of the Illinois land at the time it was purchased by the alleged partnership, and that by agreement such indebtedness was credited on the purchase price of said land. If such were the facts, the court, in determining the status of the account between the parties, may have very properly given appellee credit for said amount. With such evidence in the record, we cannot sustain appellants' contention on said third ground.

Appellants, in support of their contention that the decision of the court is contrary to law, assert that the finding on the cross-complaint was a finding on an issue not in the record, as there was no such pleading on file, and that when the court so found and canceled the note in suit, its action was not based on any evidence, and therefore contrary to law. We cannot sustain this contention. As we have heretofore held, any misnomer with reference to the cross-action, under the evident facts, cannot be made the basis of reversible error. This being true, and there being substantial evidence tending to sustain the material averments of said cross-action, appellants' contention in this regard is unavailing.

We find no reversible error in the action of the court in overruling appellants' motion for a new trial, and, as that is the only error properly assigned, the judgment is affirmed.